**Jaime ROMERO–VEGA, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 97–71035.

INS No. A93 149 775.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2001.*

Decided April 17, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Romero–Vega petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA"), which (1) found him deportable under § 241(a)(1)(E) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1251(a)(1)(E) (now codified at 8 U.S.C. § 1227(a)(1)(E)), and (2) denied him relief from deportation under INA § 212(c), 8 U.S.C. § 1182(c) (repealed in 1996). We affirm the finding of deportability and dismiss for lack of jurisdiction the challenge to denial of § 212(c) relief.

1. Deportability under INA § 241(a)(1)(E)[1]

■ Where the BIA adopts the decision of the Immigration Judge ("IJ"), as it did here, we review the IJ's decision as well as the BIA's decision. *See Alaelua v. INS,* 45 F.3d 1379, 1381–82 (9th Cir.1995). We review credibility determinations and factual findings for substantial evidence. *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000). Under this deferential standard, Petitioner must show that the evidence not only supports, but compels the conclusion that the findings and decisions of the IJ and BIA are erroneous. *See id.*

■ The reports of the border patrol agents, in conjunction with Petitioner's signed affidavit admitting that he knew the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. INA § 241(a)(1)(E)(i), 8 U.S.C. § 1251(a)(1)(E)(i) (now codified at 8 U.S.C. § 1227(a)(1)(E)(i)), provides:

Any alien who (prior to the date of entry, at the time of entry, or within 5 years of the date of any entry) knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is deportable.

passenger in his vehicle was in the United States illegally and that he had arranged to have him smuggled into the country, provide substantial evidence in support of the BIA's and IJ's finding of deportability as charged. Additionally, Petitioner's conflicting testimony before the IJ and his misrepresentations to the border patrol agents support the IJ's finding that his testimony was not credible. Accordingly, we affirm the BIA's finding of deportability as charged.

2. Jurisdiction to Review Denial of Relief under INA § 212(c)

Our jurisdiction to review the denial of § 212(c) relief is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996) ("IIRIRA") because immigration proceedings were initiated by the INS before IIRIRA's general effective date of April 1, 1997, and the final deportation or exclusion order was filed after October 30, 1996. *See* IIRIRA § 309(c); *Palma–Rojas v. INS*, 244 F.3d 1191 (9th Cir.2001); *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999).

■ Under IIRIRA § 309(c)(4)(E), we lack jurisdiction to review discretionary decisions under INA § 212(c). *Palma–Rojas.* The IJ in this case determined that Petitioner was statutorily eligible for § 212(c) relief but declined to grant it after balancing Petitioner's connection to the United States, his citizen wife and daughter, and stable employment history with his two arrests and questionable credibility. The BIA affirmed the IJ's discretionary decision, but not before emphasizing that a "clear showing of reformation is not an absolute prerequisite to a favorable exercise of discretion in section 212(c) cases." Nothing in the IJ's decision suggests that the IJ thought Petitioner was automatically barred by his lack of rehabil-

itation. More importantly, the BIA found that "even considering the favorable factors in the aggregate, [Petitioner's] equities are insufficient to warrant relief." This constitutes a discretionary decision, that we lack jurisdiction to review.

PETITION DENIED IN PART AND DISMISSED IN PART.