**Revocato PALMA–ROJAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 97–70232.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2001*

Filed April 17, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Lisa Ellen Seifert, Seifert Law Offices, Olympia, Washington, for the petitioner.

Lorri L. Shealy, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for the respondent.

Before: DAVID R. THOMPSON, TROTT, and PAEZ, Circuit Judges.

PER CURIAM:

Palma–Rojas petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying him relief from deportation under § 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c) (repealed in 1996). We dismiss for lack of jurisdiction.

Our jurisdiction in this case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996) ("IIRIRA") because immigration proceedings were initiated by the INS before IIRIRA's general effective date of April 1, 1997, and the final deportation or exclusion order was filed after October 30, 1996. *See* IIRIRA § 309(c); *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999).

IIRIRA § 309(c)(4)(E) provides "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act)." Citing § 309(c)(4)(E), in *Kalaw v. INS*, we dismissed for lack of jurisdiction a petition for review of a discretionary decision by the BIA denying suspension of deportation under INA § 244. 133 F.3d 1147, 1150–52 (9th Cir.1997) ("[t]he plain language of IIRIRA precludes our direct review of the Attorney General's discretionary decisions").

Petitioner argues that § 309(c)(4)(E) does not apply here because the BIA failed to exercise its discretion when it denied relief under § 212(c). Although § 309(c)(4)(E) does not deprive this court of jurisdiction to review "those elements of statutory eligibility which do not involve the exercise of discretion," *id.* at 1150, the BIA exercised its discretion in this case by balancing the equities in favor of Petitioner with the adverse matters in the record. The BIA denied relief because it did "not find that the evidence of employment history, good record in prison, and family ties, alone or in conjunction with the other favorable considerations presented, warrant[ed] a grant of discretionary relief given the serious nature of his criminal activity." This is a clear example of a discretionary decision under § 212(c). Accordingly, we lack jurisdiction to review the petition.

PETITION DISMISSED.