**Boukhalfa BENYAMINA,**
**Petitioner–Appellant,**

v.

**Michael GARCIA, Assistant Secretary of Bureau of Immigration and Customs Enforcement, Department of Homeland Security; Alberto R. Gonzales, Attorney General, Respondents–Appellees.**

**Boukhalfa Benyamina, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondents.**

**Nos. 05–55882, 05–73286, 05–73288.**

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2006.*

Filed Nov. 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Boukhalfa Benyamina, San Ysidro, CA, pro se.

USSD–Office of The U.S. Attorney, San Diego, CA, for Respondents–Appellees.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, USSD–Office of the U.S. Attorney, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondents.

Before: GIBSON,** RYMER, and CLIFTON, Circuit Judges.

MEMORANDUM ***

Boukhalfa Benyamina appeals from the denial of his habeas corpus claim challenging forfeiture of his bond and seeks review of the Board of Immigration Appeals' decision denying him relief under former Immigration and Nationality Act section 212(c), 8 U.S.C. § 1182(c) (1994). We af-

Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

firm the denial of habeas and deny the petition for review.

### I.

The BIA's determination of legal questions is reviewed de novo, except that the BIA's interpretation of immigration statutes is entitled to deference under *Chevron, U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Zheng v. Ashcroft,* 332 F.3d 1186, 1193–94 (9th Cir.2003). The district court's denial of habeas relief is reviewed de novo. *Park v. California,* 202 F.3d 1146, 1149 (9th Cir.2000).

### II.

■ Former INA section 212(c), 8 U.S.C. § 1182(c) (1994), provided: "Aliens ... [who have been lawfully admitted and had lawful domicile of seven continuous years] may be admitted in the discretion of the Attorney General without regard to [certain provisions of § 1182 making them excludable]." Thus, the Attorney General makes a discretionary decision whether to admit aliens who fall within section 212(c).

The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") provided that there should be no jurisdiction to review discretionary decisions under section 212(c). *See* Pub.L. No. 104–208, 110 Stat. 3009–546, 3009–625, 626, § 309(c)(4)(E); *Palma–Rojas v. INS,* 244 F.3d 1191, 1192 (9th Cir.2001) (per curiam). The Real ID Act of 2005, Pub.L. No. 109–13, Div. B, Title I, 119 Stat. 231, 301, restored jurisdiction for legal and constitutional claims; new 8 U.S.C. § 1252(a)(2)(D) provides:

(D) Judicial review of certain legal claims Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Benyamina contends that the BIA erred or even denied due process in taking into account his crimes committed after its initial erroneous denial of section 212(c) relief in deciding whether to exercise its discretion to waive deportation. A petitioner may not create jurisdiction to review an exercise of section 212(c) discretion by characterizing the exercise as a due process violation. *Avendano–Espejo v. Dep't of Homeland Sec.,* 448 F.3d 503, 506 (2d Cir.2006). It would therefore appear that the BIA's decision was an unreviewable exercise of discretion.

However, even if the question of whether later crimes could be taken into account is a legal question and hence reviewable, there is no error in taking them into account. Criminal history and especially rehabilitation are relevant to the section 212(c) waiver-of-deportation decision, and for this purpose the recency of offenses is relevant. *Matter of Marin,* 16 I & N Dec. 581, 588 (1978). Nothing gives Benyamina a right to have the section 212(c) decision made on less than all the available evidence concerning the desirability of having him in this country.[1]

---

1. Benyamina also argues that his 1995 conviction was not an aggravated felony, citing *United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc), which held that a conviction under a statute that encompasses solicitation offenses does not categorically qualify as an aggravated felony. It is questionable whether Benyamina raised this argument before the BIA. In any case, the record contains Benyamina's guilty plea, which may be considered under the modified categorical approach, *see Shepard v. United States,* 544

## III.

■ Section 106(c) of the Real ID Act, 119 Stat. 311, provides for transfer to the courts of appeals of habeas cases challenging a final order of removal, deportation, or exclusion "or the part of the case that challenges the order of removal, deportation, or exclusion." *See* 8 U.S.C. § 1252 note. The district court accordingly transferred the part of this case that challenged the order of removal. To the extent that the habeas case challenged the forfeiture of the bond, the district court did not transfer it, but dismissed it. Therefore, the bond issue is not before us under the Real ID Act grant of jurisdiction. Nevertheless, Benyamina appealed from the dismissal of his habeas corpus bond claim. Benyamina's appeal was at one point dismissed for failure to prosecute, but it has now been reinstated. Therefore, we have jurisdiction over the case as an appeal from a final judgment in the habeas case, 28 U.S.C. § 2253(a).

Benyamina contends that he should have received a refund of his bond because the letter informing him of the obligation to appear for deportation was sent to his old address and he did not receive it. The district court held that Benyamina's claim was one for money damages, which cannot be brought as a writ of habeas corpus, and therefore dismissed the case. We affirm the district court's dismissal of the bond claim. *See Sisk v. CSO Branch,* 974 F.2d 116, 117 (9th Cir.1992) ("Habeas corpus ... is not the appropriate or even available remedy for damages claims.").

## IV.

Benyamina argues that he should not have been taken into custody upon failure to report for deportation, which he raised generally in one of his habeas petitions. However, as we are unable to glean a legal theory supporting this argument, we must affirm the district court's dismissal of the habeas petition.

We **deny** review of the BIA's order and we **affirm** dismissal of the habeas petition.

---

U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and Benyamina's signed admission in the plea shows that Benyamina participated in a sale of cocaine, rather than a mere solicitation. Accordingly, there would be no basis for remanding to the BIA for consideration of this issue.