**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MIGUEL ALCARAZ-MARTINEZ, | No. 05-76692 |
| Petitioner, | Agency No. A035-476-149 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

    Juan Miguel Alcaraz-Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's ("IJ") removal order and denying his application for a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

§ 212(c) waiver of inadmissability.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo claims of due process violations in immigration proceedings, *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary denial of Alcaraz-Martinez's application for a § 212(c) waiver of inadmissability.  *See* 8 U.S.C. § 1252(a)(2)(B); *Palma-Rojas v. INS*, 244 F.3d 1191, 1192 (9th Cir. 2001) (per curiam).

Alcaraz-Martinez's contention that the BIA violated his due process rights by disregarding his evidence of hardship and misapplying the law to the facts of his case is not supported by the record and does not amount to a colorable due process claim.  *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Contrary to Alcaraz-Martinez's contention, the BIA did not engage in impermissible fact-finding in the course of deciding his appeal.  *Cf. Brezilien v. Holder*, 565 F.3d 1163, 1171 (9th Cir. 2009).  The BIA was not required to defer to the IJ's determination that Alcaraz-Martinez warranted a grant of § 212(c) relief as a matter of discretion.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of . . . discretion . . de novo.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**