NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| **ROMMEL ESCOBAR, a.k.a. Romel Noe Escobar**, <br><br> Petitioner, <br><br> v. <br><br> **ERIC H. HOLDER Jr., Attorney General**, <br><br> Respondent. | No. 06-70634 <br><br> Agency No. A038-085-623 <br><br> **MEMORANDUM**[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2010[**]
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **REINHARDT**, Circuit Judge and
**WHYTE**, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald M. Whyte, Senior United States District Judge for the Northern District of California, sitting by designation.

The BIA did not err in finding that Escobar's robbery conviction under California Penal Code § 212.5(c) is a "particularly serious crime" rendering him ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii). Current dangerousness is not a factor that the BIA is required to consider in making its "particularly serious crime" determination, see Anaya-Ortiz v. Holder, 594 F.3d 673, 679 (9th Cir. 2010); 8 C.F.R. § 1208.16(d)(2), and the BIA did not adopt or rely on the Immigration Judge's comments regarding the potential injury to the victim. So, even assuming those comments were inappropriate, they are irrelevant. Escobar's claim that the IJ denied him the opportunity to present evidence and argument as to whether his crime was "particularly serious" also fails. The IJ gave Escobar ample opportunity to present evidence and argument, and Escobar declined to do so.

Escobar's argument that his nolo contendere plea cannot support the BIA's removability determination is waived because it was not included in his opening brief. See United States v. Traynor, 990 F.2d 1153, 1159 (9th Cir. 1993). Even were we to assess the merits of this claim, we would affirm. For immigration purposes, convictions matter, not actual guilt, see 8 U.S.C. § 1231(b)(3)(B), and a no contest plea resulting in some form of punishment is considered a conviction, see 8 U.S.C. § 1101(a)(48)(A).

Escobar's speculative evidence didn't show it was more likely than not that he would be tortured in Honduras because of his gang affiliation, so there was "substantial evidence" for the BIA's denial of CAT protection. <u>Shrestha</u> v. <u>Holder</u>, 590 F.3d 1034, 1048 (9th Cir. 2010) ("We review for substantial evidence the BIA's determination that [petitioner] is not eligible for protection under CAT.").

**PETITION DENIED.**