**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SUBHI MOHAMMAD DAJANI, AKA Mutsea Dajain, AKA Mohammad Dajani, AKA Mutsea Dajani, AKA Sobhi Dajani, AKA Subhi Dajani, AKA Suvhi Dajani,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>　　　　　Respondent. | No. 14-70065<br><br>Agency No. A037-381-869<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2015
Pasadena, California

Before:　　BENAVIDES,[**] TASHIMA, and CLIFTON, Circuit Judges.

　　Subhi Dajani appeals from the Board of Immigration Appeals' ("BIA")

order dismissing his appeal of an Immigration Judge's ("IJ") decision denying his

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The Honorable Fortunato P. Benavides, Senior United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

application for deferral of removal under Article III of the Convention Against Torture ("CAT") and denying his request for relief from removal under former Immigration and Nationality Act ("INA") § 212(c).[1] We deny in part, and dismiss in part, Dajani's petition for review.

**1.** We have jurisdiction to review Dajani's CAT claim because the IJ "denied relief on the merits." *Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013). The IJ's conclusion that Dajani failed to meet his burden of showing that it was more likely than not that he would be tortured if removed to Israel is supported by substantial evidence. The only evidence in the record relevant to the likelihood of torture were in the 2013, 2012, and 2011 U.S. State Department country reports on Israel;[2] according to these reports, the only instances of state-sanctioned torture occur in "extraordinary cases" – that is, those "involving an imminent threat or 'ticking bomb' scenario." Thus, although there is some

---

[1] Dajani was found removable under INA §§ 237(a)(2)(A)(ii) & (iii). Dajani does not dispute that he is removable under these two provisions.

[2] Although the 2013 country report was not part of the record before the BIA, we may take judicial notice of events in a country that occur after the BIA issues its decision. *See Gafoor v. INS*, 231 F.3d 645, 655-56 (9th Cir. 2000), *superseded by statute on other grounds by* 8 U.S.C. § 1158. Accordingly, we grant Dajani's request for judicial notice as to the 2013 U.S. State Department country report on Israel, and have considered its contents in coming to our conclusion. We deny Dajani's request for judicial notice as to the other articles he has submitted.

evidence in the record that Israeli officials commit acts of torture, they do so only rarely and under very extreme circumstances. Dajani presents no evidence that he is likely to find himself in such a situation if removed to Israel. Accordingly, the IJ's determination that it is not more likely than not that Dajani will be subjected to torture if removed to Israel is supported by substantial evidence. *See Riorde v. Holder*, 696 F.3d 907, 912 (9th Cir. 2012) (holding that, in assessing a CAT claim, a petitioner must "show[] individual circumstances in *his* case that there is a likelihood he will face 'torture' qualifying him for CAT" ).

Moreover, contrary to Dajani's assertion, the IJ and BIA did not fail to consider "highly probative or potentially dispositive evidence" in denying his request for relief under CAT. *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011). The IJ explicitly discussed and analyzed the 2011 and 2012 U.S. State Department country reports on Israel in coming to his conclusion that Dajani had not met his burden of showing that it was more likely than not he would be tortured if removed to Israel. Furthermore, the IJ did not err by failing to discuss evidence documenting instances of "institutional discrimination" against Palestinians in Israel. Such evidence sheds no light on the likelihood that a Palestinian will be tortured upon removal to Israel; accordingly, neither the IJ nor the BIA was required to elaborate on it. *See Alphonsus*, 705 F.3d at 1049

3

(rejecting a CAT claim because the evidence the petitioner relied on "ma[de] no attempt to determine the likelihood that any one member of a religious minority will be *tortured*–as opposed to being persecuted or discriminated against"); *see also Cole*, 659 F.3d at 771 (in making a CAT determination, the BIA need not "discuss each piece of evidence submitted"). Similarly, the IJ did not err by failing to discuss Dajani's prior trip to Israel: although past incidents of torture "should be considered in deciding the question of future torture," *Mohammed v. Gonzales*, 400 F.3d 785, 802 (9th Cir. 2005), Dajani offered no evidence that he was tortured during his previous trip. Accordingly, the IJ did not err by failing to elaborate upon it in denying Dajani's CAT claim. *See Alphonsus*, 705 F.3d at 1049; *Cole*, 659 F.3d at 771. Finally, the IJ did not err in concluding that Dajani could avoid future torture by relocating within Israel. Dajani failed to meet his burden of demonstrating that it is more likely than not that he will be tortured if returned to *any* part of Israel; therefore, the IJ did not need to determine whether Dajani could safely relocate to other parts of Israel.

Accordingly, we deny the petition for review with respect to Dajani's CAT claim.

**2.** As to Dajani's claim under former INA § 212(c), we lack jurisdiction to review an IJ's or the BIA's discretionary decisions, "including whether or not to

4

grant § 212(c) relief." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(B)(ii)). Although this Court retains jurisdiction to review questions of law or constitutional claims, *see* 8 U.S.C. § 1252(a)(2)(D), Dajani's petition for review presents no such issue. Dajani argues that the IJ and BIA failed to give sufficient weight to certain factors in denying his request for relief; at most, this contention is "an abuse of discretion argument [cloaked] in the garb of a question of law." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (citation and internal quotation marks omitted); *see also Palma-Rojas v. INS*, 244 F.3d 1191, 1192 (9th Cir. 2001) (per curiam) (holding that this Court lacked jurisdiction to review the BIA's denial of an application for relief under § 212(c) where the BIA denied relief after "balancing the equities in favor of Petitioner with the adverse matters in the record").

Accordingly, we dismiss the petition for review with respect to Dajani's claim under former INA § 212(c).

**Petition for review DENIED in part and DISMISSED in part.**