NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILSON ENRIQUE LAGOS-LAGOS, AKA Wilson Enrique Lagos, AKA Ramos Juan Wilson, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-73625 <br><br> Agency No. A042-129-847 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]
San Francisco, California

Before: THOMAS and M. SMITH, Circuit Judges, and VRATIL,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Wilson Enrique Lagos-Lagos (Lagos) petitions for review of a decision of the Board of Immigration Appeals (BIA) that denied Lagos a waiver of inadmissibility under former Immigration and Naturalization Act § 212(c), 8 U.S.C. § 1182(c) (1988), and affirmed the Immigration Judge's (IJ) denial of protection under the Convention Against Torture (CAT). Because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and provided its own review of the evidence, we review both the IJ and the BIA's decision. *See Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011). We dismiss in part and deny in part the petition.

1. Neither of Lagos's two arguments relating to the BIA's denial of his application for a section 212(c) waiver presents a colorable question of law. Accordingly, we lack jurisdiction over those claims. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) (pursuant to 8 U.S.C. § 1252(a)(2)(D), we have jurisdiction to review only "colorable" constitutional claims or questions of law).

Lagos argues that, because the IJ cited the incorrect standard when denying him relief under section 212(c), the BIA erred by not reviewing Lagos's claim under the correct standard. That contention, however, "attempt[s] to cloak" his actual argument that the IJ inappropriately weighed the factors "in the garb of a question of law." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

Such a claim is unreviewable. *See Palma-Rojas v. INS*, 244 F.3d 1191, 1192 (9th Cir. 2001) (no jurisdiction over claim where BIA balanced the equities in favor of petitioner against the adverse matters because the denial was a "clear example of a discretionary decision under § 212(c)").

We also lack jurisdiction to address Lagos's claim that the BIA erred in determining that he was ineligible for relief under section 212(c). Lagos argues that because he committed his offense on July 6, 1990—before the restrictions on relief went into effect—the restrictions cannot be applied retroactively. Our case law squarely forecloses that argument, however, and thus Lagos fails to raise a colorable question of law. *See Robles Lopez v. Sessions*, 901 F.3d 1071, 1077 (9th Cir. 2018) (It is the "fact of conviction (*not* the underlying conduct) [that] is the relevant transaction for purposes of the retroactivity analysis.") (emphasis added). Because Lagos was convicted of first-degree murder on November 25, 1991—after the effective date of the Immigration Act of 1990, Pub. L. No. 101–649, § 511(a), 104 Stat. 4978, 5052—he is plainly ineligible for section 212(c) relief.[1] Accordingly, we dismiss the petition as to the section 212(c) waiver claim.

2.     As to Lagos's claim for deferral of removal under CAT, substantial evidence supports the BIA's denial. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir.

---

[1] Lagos's claim also would fail on the merits because he was statutorily ineligible for section 212(c) relief, as found by the IJ.

3

2010). To receive CAT protection, a petitioner must prove that it is "more likely than not" that he would be tortured if removed. 8 C.F.R. § 1208.16(c)(2).

As the IJ noted, there is evidence in the record to support Lagos's assertion that some Honduran officials are corrupt and affiliated with gang activity. However, the record does not compel the conclusion that Lagos will more likely than not be subjected to torture for being a former member of the Barrio Van Nuys gang or that the Honduran government will acquiesce in his torture. *See Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011). Indeed, the Honduran government has launched security efforts to combat gangs and gang-related crimes. Moreover, Lagos did not present any evidence that the Barrio Van Nuys gang exists in Honduras or that he knows of any Barrio Van Nuys members harmed by the government. *See id.* at 1053 ("We have emphasized that the lack of harm to similarly situated family members and close associates generally undercuts an alien's fear of harm at the hands of the government."). In addition, Lagos's fear that street gangs would target him for being a "lifer" in the California prison system is speculative and is not supported by the record. *See Escobar v. Holder*, 392 F. App'x 542, 543 (9th Cir. 2010) (denying CAT claim where petitioner's evidence of torture was too speculative). Therefore, we deny the petition as to Lagos's CAT claim.

**PETITION DISMISSED in part, DENIED in part.**

4