

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1414

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Singh v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1414
_____

PRITPAL SINGH,
                                        Petitioner
v.

ATTORNEY GENERAL USA,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A95-405-653
Immigration Judge: Honorable Daniel A. Meisner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2006
Before:   RENDELL, JORDAN and ROTH,  <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 28, 2008)
_____

OPINION
_____

PER CURIAM

        Pritpal Singh, a native and citizen of India and Sikh by religion, entered the United

States at Blaine, Washington in October 2001 without being admitted or paroled.  He

applied for, and was granted, asylum in San Francisco in 2002.  However, his asylum

status was revoked, see 8 C.F.R. § 208.24(a)(1), when it was discovered that the individuals who prepared his application, Boota Singh Basi and Kashmir Singh Malhi, pleaded guilty in federal district court to submitting fraudulent asylum applications for Sikhs in San Francisco. These individuals solicited Indians from New York and New Jersey to file asylum applications in San Francisco, where asylum was liberally granted. The applicants were coached to create or exaggerate claims of torture and abuse by police in India. Singh was served with a Notice of Intent to Terminate Asylum Status at his Mantua, New Jersey address and offered an interview to respond to the charges that his asylum status was subject to revocation. The Notice stated that the preparers of Singh's asylum application had executed a plea agreement admitting to making fraudulent claims of torture and submitting fraudulent documents in support of the allegations of torture. Singh failed to appear.

On June 7, 2004, Singh was served with a Notice to Appear, which charged him as removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled. Singh then submitted a second application for asylum, reciting the same set of events detailed in the first asylum application. As in his first application, he claimed that he had been persecuted in India because of his political beliefs and activities on behalf of the Akali Dal Mann political party. The State Department's 2004 Country Reports on Human Rights Practices for India and other background information was submitted to the

2

Immigration Judge. In addition, Singh gave testimony at his removal hearing. The Immigration Judge denied relief. He reasoned that, because Singh's second asylum application was identical to his first, an application that was presumed to be fraudulent, he should submit corroborating evidence that was not tainted.[1] In addition, background information contained in the record indicated that rank-and-file members of Akali Dal Mann do not now face persecution in India.

On appeal to the Board of Immigration Appeals, Singh contended that he should not be held responsible for the actions of criminals and that his membership in Akali Dal Mann was a proper basis for finding a well-founded fear of future persecution. The Board, however, found no reason to disturb the IJ's conclusion that Singh had not sustained his burden of proof, holding further that it was reasonable to expect untainted corroboration under the unique facts of Singh's case. Singh could not corroborate his claim that he was tortured. In addition, his testimony concerning where he was living and working when he first applied for asylum was not convincing, and he failed to submit documentary evidence that he actually was living and working in Modesto, California. He did not submit an affidavit from the leader of the temple where he purportedly resided, and he did not document the part-time job he allegedly held from December 2001 until

---

[1] Singh's first asylum application was supported by an affidavit from his father, which stated that Singh had been arrested and tortured by police on September 16, 2000 and June 20, 2001, and only released after a bribe was paid, and arrested again on August 20, 2001, but he managed to escape. It also was supported by an affidavit from Gurmit Kaur, in which he stated that he had assisted Singh's father in bribing the police.

June 2002. On January 10, 2007, the Board dismissed his appeal. Singh has petitioned for review.[2]

We will deny the petition for review. We have jurisdiction to review final orders of removal under INA § 242(a)(1), 8 U.S.C. § 1252(a)(1). We generally only review final orders of the Board when the Board issues a decision on the merits. See Li v. U.S. Attorney General, 400 F.3d 157, 162 (3d Cir. 2005); Abdulai v. Ashcroft, 239 F.3d 542, 548-49 (3d Cir. 2001). Where the Board adopts the reasoning of the IJ with some discussion of the bases for the IJ's decision, we also review the order of the IJ. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Under the substantial evidence standard, the Board's factual findings must be upheld if they are supported by reasonable, substantial and probative evidence on the record considered as a whole. Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Pursuant to 8 U.S.C. § 1158(a) and § 1101(a)(42)(A), the Attorney General may, in his discretion, grant asylum to an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Id.; Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). An alien who establishes past persecution enjoys a presumption of a well-founded fear of future persecution, Lukwago v. Ashcroft, 329 F.3d 157, 174 (3d Cir. 2003), but, if the alien cannot show past

_____

[2] A motions panel of this Court previously denied Singh a stay of removal.

4

persecution, he may still establish a well-founded fear of future persecution by demonstrating a subjective fear of persecution, and that a reasonable person in the alien's circumstances would fear persecution if returned to the country in question, Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). To be entitled to withholding of removal to a particular country, an applicant must demonstrate a clear probability of persecution. Immigration & Naturalization Serv. v. Stevic, 467 U.S. 407 (1984); 8 U.S.C. § 1231(b)(3).

An applicant for asylum and withholding of removal bears the burden of proof. 8 U.S.C. § 1158(b)(1)(B)(i). Despite Singh's claim to the contrary, his application was not denied on the basis that the original preparers pleaded guilty to asylum fraud. Instead, the Board reasonably demanded corroboration in view of the suspect nature of the original application. The Board may require even a credible applicant to provide evidence corroborating the specifics of his or her testimony if it is reasonable to expect the applicant to do so, Abdulai, 239 F.3d at 554. To determine whether corroboration is required, a court must (1) identify facts for which it is reasonable to expect corroboration, (2) determine whether the applicant has presented corroborating evidence, and if not, (3) determine whether the applicant has adequately explained why he was unable to do so. Id. (citing In re S-M-J-, 21 I. & N. Dec. 722 (1997)).

In Singh's case the Board's reasoning meets the minimum requirements outlined in Abdulai. The corroboration that was required was reasonable in its relevance to the claim

5

and in Singh's ability to acquire it. The Board was not required to ignore the circumstances of the original application in view of the fact that the second application was nearly identical to the first. In Mulanga v. Ashcroft, 349 F.3d 123 (3d Cir. 2003), we found that the IJ erred by not alerting the alien during the removal proceedings that the absence of corroboration would lead to the denial of her application, thereby giving her an opportunity to explain her inability to corroborate. Id. at 136. Although the IJ did not mention corroborating evidence in Singh's case, any error in this regard was not significant, because the plea agreement was submitted as an exhibit at the removal hearing, and it details how Mr. Boota Singh Basi and his partner prepared false or exaggerated claims of torture and abuse by police in India for the applicants to tell the asylum officers, and how they provided the applicants with lists of documents to obtain from India and urged them to falsify affidavits. In addition, when the two realized they were being investigated, they discouraged their clients from attending their asylum interviews. Thus, it was clear that more was required from Singh in establishing his claim for asylum than repeating his original assertions.

We consider the record as a whole in reviewing the Board's decision, Elias-Zacarias, 502 U.S. at 481, and, as such, there is substantial evidence supporting the Board's holding that Singh failed to sustain his burden of proof for asylum. In addition, Singh's documentary background evidence does not demonstrate a well-founded fear of future persecution should he return to India. The IJ properly relied on the Country Report

6

for India from the State Department in concluding that low-level members of Akali Dal

Mann are not currently the target of persecution. We thus uphold the Board's

determination that Singh does not qualify for asylum or withholding of removal.[3]

We will deny the petition for review.

---

[3] In addition to denying asylum and withholding of removal, the IJ denied relief under the Convention Against Torture. Singh did not contest the denial of his CAT application when he appealed to the Board. We thus lack jurisdiction to consider this unexhausted claim. 8 U.S.C. § 1252(d)(1) (2006); Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).