**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAGTAR SINGH, | No. 07-74634 |
| Petitioner, | Agency No. A079-287-634 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 15, 2010
San Francisco, California

Before: W. FLETCHER and M. SMITH, Circuit Judges, and TODD, Senior
District Judge.**

Jagtar Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' (BIA's) final removal order affirming the Immigration

Judge's (IJ's) determination that Singh lacked credibility and that his asylum

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable James Dale Todd, Senior United States District Judge
for the Western District of Tennessee, sitting by designation.

application was frivolous. Singh seeks asylum on account of his alleged persecution because of his brother's membership in the Akali Dar Amritsar political party. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. This court has jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on Singh's submission of a fraudulent asylum application. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *see also Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (fraudulent documents going to the heart of claim may justify adverse credibility determination). At Singh's asylum hearing, government witness, Boota Singh Basi, testified that Basi and his partner Kashmir Singh Malhi ran a business preparing fraudulent asylum applications. Basi testified that every application he and his partner ever filed was false. Although Singh denied that Basi had prepared his application, Special Agent Timothy Eisenhart testified that Singh's application contained statements and factual scenarios that were virtually identical to those found in at least three other asylum applications that Basi and Malhi had fraudulently prepared. For example, all four documents alleged an arrest outside a gurudwara, a police jeep stuck in the mud, and an escape through wild vegetation.

Further, although Singh's application was signed by preparer "Balbir Singh," Basi testified that he often used false preparer names on his fraudulent applications. Singh was unable to provide any evidence that Balbir Singh actually existed or had prepared his applications, despite his claim that he knew Balbir Singh through friends. Finally, Basi—who testified that he only notarized documents in connection with fraudulent applications—had translated, certified, or notarized many of the documents Singh submitted to the asylum office, and Malhi served as Singh's interpreter at his asylum interview.

The evidence overwhelmingly indicates that Singh submitted a fraudulent asylum application containing a false story of persecution, and Singh's only corroborating evidence was his own insistence that the story in the application was true. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000) ("[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence, . . . an adverse credibility finding will withstand appellate review.").[1] Therefore, the IJ's finding

---

[1] Indeed, cases generated by Basi's fraudulent scheme have flooded the courts of appeal. *See, e.g.*, *Singh v. Attorney Gen.*, 281 F. App'x 142, 144 (3d Cir. 2008) (denying petition for review in light of evidence that Basi had fraudulently prepared petitioner's application, coupled with petitioner's failure to counter that evidence other than by "repeating his original assertions").

that Singh was not credible and that his application was fraudulent is supported by substantial evidence.

Singh also challenges the IJ's finding of frivolousness. An application is deemed frivolous if "any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. Applying the factors outlined in *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (BIA 2007), and adopted by this court in *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008), we affirm the frivolous asylum application determination. Singh had notice of the consequences of filing a frivolous application. In addition, the IJ made separate findings of frivolousness that were supported by cogent and convincing reasons, and informed Singh that Eisenhart and Basi would be called to testify against him. The IJ also gave Singh an opportunity to address and account for the evidence of frivolousness. For the same reasons supporting the IJ's adverse credibility determination, substantial evidence supports the IJ's conclusion that Singh's asylum application was frivolous, thus barring Singh from any future benefits under the Immigration and Nationality Act. *See* 8 U.S.C. § 1158(d)(6); *Farah v. Ashcroft*, 348 F.3d 1153, 1157-58 (9th Cir. 2003).

**PETITION DENIED.**