NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAGTAR SINGH, | No. 16-73555 |
| Petitioner, | Agency No. A079-287-634 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2020**
San Francisco, California

Before: COLE,*** GOULD, and MURGUIA, Circuit Judges.

Jagtar Singh ("Singh"), a citizen of India, petitions for review of the decision by the Board of Immigration Appeals (the "Board") denying his second motion to reopen proceedings for asylum, withholding of removal, and relief under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable R. Guy Cole, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252(a)(1).

Singh does not dispute that his second motion to reopen was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) ("The motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."). Instead, he argues that the untimely filing of his motion to reopen is excused because he suffered from ineffective assistance of counsel and there is evidence of changed country conditions that merits relief. We deny the petition.

1.    The Board did not abuse its broad discretion in denying Singh's second untimely motion to reopen because he failed to establish any prejudice resulting from his lawyers' preparation of his first untimely motion to reopen. This Court recently held that "'[to] establish a showing of prejudice in the context of a motion to reopen' . . . the petitioner need only demonstrate that counsel's deficient performance 'may have affected the outcome of the proceedings' by showing 'plausible' grounds for relief." *Flores v. Barr*, 930 F.3d 1082, 1087 (9th Cir. 2019) (per curiam) (quoting *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam)). Here, Singh does not identify any argument or piece of evidence that his lawyers failed to present in his first motion to reopen that "may have affected" the Board's denial of that motion. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (upholding a denial of a motion to reopen based on alleged ineffective

2

assistance of counsel where "[a]ll the king's horses and all the king's men and the very best counsel in the world could not induce a contrary decision"). Rather, the Board denied Singh's first motion to reopen—and this Court affirmed that denial—because Singh testified and swore to the contents of an admittedly fraudulent asylum application in immigration court. *See Singh v. Holder*, 391 F. App'x 636 (9th Cir. 2010).

2. The Board did not abuse its discretion in ruling that Singh failed to establish that reopening is warranted based on changed country conditions. Singh's purported evidence of changed country conditions in his second motion to reopen had significant inconsistencies. Therefore, the Board correctly afforded minimal weight to this evidence. *I.N.S. v. Abudu*, 485 U.S. 94, 104–05 (1988) ("[T]he BIA may deny a motion to reopen . . . [if] the movant has not established a prima facie case for the underlying substantive relief sought."); *In re S-Y-G*, 24 I. & N. Dec. 247, 250 (BIA 2007) (denying motion to reopen because the applicant did not submit reliable and material evidence that country conditions had changed).

Moreover, the allegedly changed country conditions do not alter the previous rulings of the Immigration Judge ("IJ") and the Board—affirmed by this Court—that Singh was not credible and that he knowingly submitted a frivolous asylum application. *See Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir. 2008) (upholding the Board's denial of petitioner's motion to reopen because the newly

presented evidence of increased persecution did not change the fact that the IJ made an express adverse credibility determination).   The additional evidence of police persecution of Singh's family in India does not change the fact that the IJ made an express adverse credibility determination as to Singh's claim that he was politically persecuted in India.   Therefore, the IJ's "adverse credibility determination remains the law of the case." *In re S-Y-G*, 24 I. & N. Dec. 247, 250 (BIA 2007).   In sum, Singh failed to demonstrate changed country conditions that would excuse the untimely filing of his second untimely motion to reopen.  No other exception to the ninety-day time limit applies.  We therefore conclude that the Board did not abuse its discretion in denying Singh's motion to reopen as untimely.

**PETITION DENIED.**