**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DANIEL FLORES, AKA
Richard Daniel Flores,
                    *Petitioner*,

v.

WILLIAM P. BARR, Attorney
General,
                    *Respondent*.

No. 15-73461

Agency No.
A013-068-941

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019[*]
Pasadena, California

Filed July 18, 2019

Before: Kim McLane Wardlaw, Jay S. Bybee, and
John B. Owens, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

Granting in part and denying in part Daniel Flores's petition for review of a decision of the Board of Immigration Appeals' denying his untimely motion to reopen based on ineffective assistance of counsel, the panel concluded that the BIA applied standards more stringent than were proper in concluding that Flores had not established prejudice as a result of his prior counsel's performance, and remanded.

The BIA denied Flores's motion to reopen on the ground that he failed to show his prior counsel's performance resulted in prejudice with respect to any of the forms of relief he would pursue on reopening – asylum, withholding of removal, protection under the Convention Against Torture (CAT), and relief under former Immigration & Nationality Act § 212(c).

Because the agency had concluded that Flores's conviction for committing lewd and lascivious acts on a child under the age of 14 in violation of California Penal Code § 288(a) was an aggravated felony, the panel considered whether it had jurisdiction in light of 8 U.S.C. § 1252(a)(2)(C), which bars review of a final order of removal against an alien who is removable for having committed certain offenses. The panel concluded that it had jurisdiction to review: (1) the legal question of whether Flores's conviction was an aggravated felony; and (2) the

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

denial of the motion to reopen to the extent the decision rested on a ground other than the conviction.

The panel explained that, to establish prejudice in the context of a motion to reopen based on ineffective assistance of counsel, it is not necessary for a petitioner to make out a prima facie case of eligibility for the ultimate relief sought—a petitioner need only show that counsel's deficient performance "may have affected the outcome of the proceedings" by showing "plausible" grounds for relief.

With respect to asylum and withholding of removal, the panel concluded that the BIA did not abuse its discretion in concluding that Flores suffered no prejudice, explaining that Flores's § 288(a) conviction was a "sexual abuse of a minor" aggravated felony under this court's precedent, and that Flores failed to identify any intervening higher authority that is clearly irreconcilable with that precedent. Because Flores was convicted of an aggravated felony with a sentence of more than five years, the panel concluded that he was statutorily ineligible for asylum and withholding of removal and that, therefore, the BIA did not abuse its discretion in determining that Flores failed to show prejudice on those grounds for relief, which were not "plausibly" available to him.

However, the panel concluded that the BIA abused its discretion in concluding that Flores failed to show prejudice with respect to deferral of removal under the CAT. Specifically, the panel explained that the BIA applied the wrong standard at this stage of proceedings by concluding that the evidence Flores submitted with his motion did not show "a clear probability" that he would be tortured upon his return to Mexico; although the more-likely-than-not standard

governs the merits of a CAT claim, in the context of a motion to reopen for ineffective assistance, Flores was only required to show plausible grounds for relief.

The panel concluded that the BIA made the same error with respect to Flores's claim for § 212(c) relief, noting that the BIA concluded that the additional evidence of hardship that Flores presented "would not change" the result and explaining that the BIA abused its discretion by improperly ruling on the merits of the new § 212(c) evidence in the context of determining prejudice.

Accordingly, the panel remanded to the BIA to consider evidence relating to these forms of relief under the correct standard for prejudice.

## COUNSEL

David B. Gardner, Law Offices of David B. Gardner, Los Angeles, California, for Petitioner.

Matthew B. George, Trial Attorney; Benjamin C. Mizer, Principal Deputy Assistant Attorney; Douglas E. Ginsburg, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

PER CURIAM:

Daniel Flores petitions for review of the Board of Immigration Appeals' (BIA) order denying his untimely motion to reopen his removal proceedings. Flores's motion rested on his assertion that he received ineffective assistance of counsel during his removal proceedings. Although the BIA agreed with Flores that his prior counsel performed deficiently, the BIA denied his motion to reopen after concluding that Flores failed to show prejudice. With respect to some of Flores's claims, however, the BIA applied "standards more stringent than were proper" for determining prejudice. *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 859 (9th Cir. 2004) (per curiam). We accordingly grant the petition in part, deny the petition in part, and remand for further proceedings.

I

A

Petitioner Daniel Flores is a native and citizen of Mexico. He came to the United States as a lawful permanent resident in 1962, when he was seven years old, and has continuously lived in the United States ever since. All of his family—his elderly mother, his half-brother, two daughters, and several grandchildren—live in the United States. He has no family in Mexico.

Starting in the 1970s, Flores began serving as a confidential informant for law enforcement, participating in undercover controlled drug buys and testifying against

members of various gangs. Also around that time, Flores began to amass a lengthy criminal record that culminated in his pleading guilty in 1990 to two felony counts of committing lewd and lascivious acts on a child under the age of 14 in violation of California Penal Code § 288(a). Flores's conviction carried with it a six-year prison sentence, of which he served three. He was released from prison on parole in 1994, discharged from parole in 1997, and has no further criminal record.

After his release from prison, Flores worked in the corporate security industry until 2002, when he stopped working for health reasons. He resumed his role as a confidential informant for law enforcement in 2008 but was forced to discontinue his assistance in 2011 following foot surgery. Today, Flores spends his time taking care of his mother, who suffers from several serious medical conditions, including epilepsy, Parkinson's disease, and dementia.

B

DHS initiated removal proceedings against Flores, alleging that his conviction under § 288(a) qualified as an "aggravated felony" conviction for a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F) and "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), independent bases rendering Flores removable under 8 U.S.C. § 1227(a)(2)(A)(iii). After attending a couple of immigration hearings unrepresented, Flores hired an attorney to represent him, admitted he was a Mexican citizen, and denied the charges of removability. An immigration judge (IJ) concluded that Flores had in fact been convicted under § 288(a) and that this conviction constituted both a "crime of violence" and "sexual abuse of a minor," at which point

Flores sought only one form of relief from removal—discretionary relief under former § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c) (repealed 1996).[1]  For the agency to exercise its discretion in favor of granting § 212(c) relief, the applicant must show that the "the social and humane considerations presented in the applicant's favor" outweigh "the adverse factors that evidence the applicant's undesirability as a permanent resident." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) (citation omitted); *see Matter of Marin*, 16 I. & N. Dec. 581, 584–85 (BIA 1978).

An IJ heard testimony from Flores, his mother, his half-brother, and his two daughters.  All of Flores's relatives supported his request to remain in the United States, stressing his good character and the hardships his removal would produce.  Nevertheless, the IJ denied Flores's application for § 212(c) relief in August 2013.  Although the IJ identified several positive factors bearing on Flores's application—including, among others, his many years of residency in the United States; his close and supportive relationship with his elderly mother; his work for law enforcement; and the absence of any criminal conduct since his release from prison in 1994—the IJ concluded that these factors did not outweigh the "serious nature" of his § 288(a) conviction.  The IJ also noted Flores's lack of recent employment and his failure to "voluntarily" attend counseling after his release from prison (even though he had attended counseling while in prison).

---

[1]  Although it was repealed in 1996, § 212(c) relief "remain[s] available, on the same terms as before, to an alien whose removal is based on a guilty plea entered before § 212(c)'s repeal." *Judulang v. Holder*, 565 U.S. 42, 48 (2011) (citing *INS v. St. Cyr*, 533 U.S. 289, 326 (2001)).

Flores appealed the IJ's decision to the BIA. Reviewing the IJ's decision de novo, the BIA concluded that the IJ "properly balanced the adverse factors of record evidencing the respondent's undesirability as a permanent resident with the social and humane considerations presented in his behalf and correctly determined that relief is not in the best interest of this country."

Flores then filed a petition for review in this court. The government moved to dismiss, arguing that we lacked jurisdiction to review the discretionary denial of § 212(c) relief. *See, e.g.*, *Palma-Rojas v. INS*, 244 F.3d 1191, 1192 (9th Cir. 2001) (per curiam). Flores, represented by the same attorney, never responded. We granted the motion to dismiss for lack of jurisdiction in June 2015 and denied rehearing shortly thereafter.

C

In August 2015, Flores, represented by new counsel, filed a motion with the BIA to reopen his removal proceedings, alleging that his prior counsel provided ineffective assistance. Ordinarily, a motion to reopen must be filed within 90 days of the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), a deadline that had long passed for Flores. But the 90-day deadline is subject to "equitable tolling due to ineffective assistance of counsel." *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 920 (9th Cir. 2015). For equitable tolling to apply, the petitioner must show "(a) that he was prevented from timely filing his motion due to prior counsel's ineffectiveness; (b) that he demonstrated due diligence in discovering counsel's fraud or error; and (c) that he complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA

1988)." *Id.* (quoting *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011)). In addition to these procedural requirements, the petitioner "must show that his 'counsel's performance was deficient, and that he suffered prejudice' as a result." *Id.* (internal alteration omitted) (quoting *Singh*, 658 F.3d at 885).

Flores contended that his prior counsel provided ineffective assistance by failing to, among other things, challenge the grounds for his removability, apply for withholding of removal and protection under the Convention Against Torture (CAT), develop sufficient hardship evidence for his § 212(c) application, prepare his family members for the § 212(c) hearing, and respond to the government's motion to dismiss in this court. Flores attached a sworn declaration explaining his fear of being tortured in Mexico as a result of his work helping to prosecute gang members. He also submitted additional evidence of the hardship he and his mother would face if he were removed, letters from law enforcement confirming Flores's work as a confidential informant, and evidence of country conditions in Mexico, including a declaration by a country conditions expert.

The BIA denied Flores's motion to reopen. Although the BIA concluded that Flores satisfied the requirements of *Lozada* and demonstrated that his prior counsel "did not perform with sufficient competence," the BIA found that Flores failed to show "prejudice" with respect to any of the forms of relief he would pursue on reopening—asylum, withholding of removal, and CAT protection. First, the BIA concluded that Flores's conviction under California Penal Code § 288(a)—which, it observed, qualifies as an "aggravated felony" conviction for "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A)—rendered him statutorily ineligible for asylum, and that the six-year sentence

accompanying that conviction rendered him ineligible for withholding of removal under the INA and withholding of removal under the CAT. Second, the BIA concluded that although Flores is eligible for deferral of removal under the CAT, his evidence showed a "possib[ility]"—but not "a clear probability"—that he would be tortured upon his return to Mexico with the acquiescence of public officials. Third, the BIA found no prejudice regarding Flores's new evidence in support of his § 212(c) application, concluding that this "additional evidence of hardship to his mother and to himself" "would not change" the result. Finally, the BIA rejected Flores's arguments that he suffered prejudice by his prior counsel's failure to prepare witnesses and failure to file a response to the government's motion to dismiss.

Because the BIA found no prejudice, it did not address diligence before rejecting Flores's request for equitable tolling and denying his motion to reopen as untimely. Flores filed a timely petition for review.

II

We first consider whether we have jurisdiction over Flores's petition for review. We ordinarily have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of a motion to reopen. *See Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015). The government contends, however, that we lack jurisdiction in this case pursuant to 8 U.S.C. § 1252(a)(2)(C), which provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed," among other offenses, an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

But as the government admits, we have recognized two exceptions to this jurisdiction-stripping provision that apply in this case. First, § 1252(a)(2)(C) does not preclude "review of constitutional claims or questions of law," *id.* § 1252(a)(2)(D), including the question whether a particular conviction is an aggravated felony under the INA. *See, e.g.*, *Diego v. Sessions*, 857 F.3d 1005, 1011 (9th Cir. 2017). Thus, to the extent Flores argues that his conviction under § 288(a) does not qualify as an aggravated felony, we have jurisdiction to review that purely legal question.

Second, we have held that "§ 1252(a)(2)(C) applies only when—and to the extent that—the agency has found the petitioner to be removable based on one of the enumerated criminal grounds." *Unuakhaulu v. Gonzales*, 416 F.3d 931, 936 (9th Cir. 2005). Section 1252(a)(2)(C) therefore does not apply "when the agency 'does not rely on an alien's conviction in denying [the requested] relief.'" *Agonafer v. Sessions*, 859 F.3d 1198, 1202 (9th Cir. 2017) (quoting *Morales v. Gonzales*, 478 F.3d 972, 980 (9th Cir. 2007)); *see also Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) ("[T]he § 1252(a)(2)(C) bar does not apply to the denial of a procedural motion that rests on a ground independent of the conviction that triggers the bar.").[2]   We therefore retain jurisdiction to review the BIA's denial of Flores's motion to reopen to the extent the BIA rested its decision on a ground other than Flores's conviction under § 288(a).

---

[2] We acknowledge that this exception has been criticized both within this circuit, *see Pechenkov v. Holder*, 705 F.3d 444, 449–52 (9th Cir. 2012) (Graber, J., concurring), and outside of this circuit, *see, e.g.*, *Ortiz-Franco v. Holder*, 782 F.3d 81, 90 (2d Cir. 2015); *id.* at 92 n.1 (Lohier, J., concurring). But the exception "remain[s] good law" that we as a three-judge panel are bound to apply. *Garcia*, 798 F.3d at 880.

III

We now turn to the merits of Flores's petition for review. We review the BIA's denial of a motion to reopen for an abuse of discretion, but review purely legal questions de novo. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." *Id.* (citation omitted).

As noted above, the BIA denied Flores's motion to reopen for one reason—his failure to show prejudice resulting from his counsel's deficient performance. "To establish a showing of prejudice in the context of a motion to reopen, it is not necessary for a petitioner to make out a prima facie case of eligibility for the ultimate relief sought—a petitioner need not show that he would win or lose on any claims." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam) (internal quotation marks and alterations omitted) (quoting *Maravilla Maravilla*, 381 F.3d at 858). Rather, the petitioner need only demonstrate that counsel's deficient performance "may have affected the outcome of the proceedings" by showing "plausible" grounds for relief. *Id.* (quoting *Maravilla Maravilla*, 381 F.3d at 858). If that standard is satisfied, the petitioner should be given "another opportunity to present [his] case before the IJ" with adequate counsel. *Morales Apolinar v. Mukasey*, 514 F.3d 893, 899 (9th Cir. 2008).

A

With respect to asylum and withholding of removal, the BIA did not abuse its discretion in concluding that Flores suffered no prejudice. An "aggravated felony" conviction renders an alien ineligible for asylum, 8 U.S.C.

§ 1158(b)(2)(A)(ii), (B)(i); if that conviction resulted in a prison sentence of at least five years, the alien is also ineligible for withholding of removal under the INA, *id.* § 1231(b)(3)(B), and withholding of removal under the CAT, 8 C.F.R. § 1208.16(d)(2). One such "aggravated felony" is "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Flores challenges the BIA's conclusion that his conviction under California Penal Code § 288(a) qualifies as a conviction for "sexual abuse of a minor."

We have already answered this question and "repeatedly held that California Penal Code § 288(a) categorically involves 'sexual abuse of a minor' under 8 U.S.C. § 1101(a)(43)(A)." *United States v. Farmer*, 627 F.3d 416, 420 (9th Cir. 2010) (citing *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999)); *see also United States v. Castro*, 607 F.3d 566, 568 (9th Cir. 2010) (explaining that "a conviction under section 288(a) categorically constitutes 'sexual abuse of a minor'"); *United States v. Medina-Villa*, 567 F.3d 507, 512–16 (9th Cir. 2009) (same); *United States v. Medina-Maella*, 351 F.3d 944, 947 (9th Cir. 2003) (same).

To overcome this precedent, Flores would need to identify "intervening higher authority" that is "clearly irreconcilable" with it. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). He has not done so. Flores relies primarily on recent Ninth Circuit cases—*e.g.*, *Menendez v. Whitaker*, 908 F.3d 467 (9th Cir. 2018); *United States v. Gomez*, 757 F.3d 885 (9th Cir. 2014); *Rivera-Cuartas v. Holder*, 605 F.3d 699 (9th Cir. 2010)—but those cases addressed different federal offenses or different state statutes

(or both). In any event, none constitutes "intervening *higher* authority." *Miller*, 335 F.3d at 893 (emphasis added).[3]

Because Flores was convicted of an aggravated felony with a sentence of more than five years, he is statutorily ineligible for asylum and withholding of removal under the INA and the CAT. The BIA therefore did not abuse its discretion in determining that Flores failed to show prejudice on those grounds for relief, which were not "plausibly" available to him. *See Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1016 (9th Cir. 2008) (per curiam).

B

The BIA also concluded that Flores failed to show prejudice from his former attorney's ineffective assistance with respect to "deferral of removal" under the CAT, 8 C.F.R. § 1208.17(a). The BIA abused its discretion in reaching that conclusion.

Unlike withholding of removal, deferral of removal is available even if the alien has been convicted of an aggravated felony. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1113–14 (9th Cir. 2011) (citing 8 C.F.R. § 1208.16(c)(4)). Under the regulations, "an applicant for deferral of removal must demonstrate that it is more likely than not that he or she will be tortured if removed" to the

---

[3] Flores also makes passing references to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), but he does not explain how those cases affect our precedent concerning sexual abuse of a minor. He does not argue that the term "sexual abuse of a minor" is unconstitutionally vague, which is the only issue to which *Johnson* and *Dimaya* could speak. We accordingly express no opinion on that issue.

proposed country of removal. *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc); *see* 8 C.F.R. § 1208.16(c)(2), (3). "[T]orture" is defined "as 'any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Maldonado*, 786 F.3d at 1162 (internal alteration omitted) (quoting 8 C.F.R. § 1208.18(a)(1)). Here, the BIA applied this standard in the first instance and determined that the evidence submitted in connection with Flores's motion to reopen did not "show that torture is more likely than not" if he were removed to Mexico or that he faced "a clear probability" of acquiescence in any such torture by a public official.

The BIA applied the wrong standard at this stage of the proceedings. Although the more-likely-than-not standard governs the merits of a CAT claim, *see id.* at 1164, in the context of a motion to reopen for ineffective assistance, the petitioner "need not show that [he] 'would win or lose on any claims.'" *Maravilla Maravilla*, 381 F.3d at 858 (quoting *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004)). Indeed, the petitioner is not even required to "explain exactly what evidence [he] would have presented in support of [those claims]." *Morales Apolinar*, 514 F.3d at 898 (quoting *Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002)). Rather, the question with respect to prejudice is whether counsel's deficient performance "*may* have affected the outcome of the proceedings," which means that the petitioner "need only show '*plausible* grounds for relief.'" *Id.* (citations omitted). If the petitioner makes that threshold showing, he should be given an opportunity to prove his claims, this time with the assistance of competent counsel. Any other rule would force a petitioner to supply all of the evidence

supporting his claims in his motion to reopen. Such a requirement would not only preclude the petitioner from presenting oral testimony, but it would also hinder the agency's assessment of credibility, which is often a critical issue with respect to many forms of relief from removal. It is thus unrealistic to expect a petitioner to adequately present his entire case in a written motion to the BIA; if the petitioner's claim is plausible, he should have the "opportunity to present [his] case before the IJ." *Id.* at 899. We have accordingly held that the BIA abuses its discretion when it "directly adjudge[s] the question of whether petitioners would win or lose their claim," thereby applying a standard "higher than the standard required" to show prejudice. *Maravilla Maravilla*, 381 F.3d at 858–59. And that is precisely what the BIA did in this case.

Because the BIA analyzed Flores's "new prejudice evidence under standards more stringent than were proper," we grant the petition and remand to the BIA so that it may "consider [the evidence] under the correct standard" for prejudice. *Id.* at 859; *see Lopez v. Ashcroft*, 366 F.3d 799, 806–07 (9th Cir. 2004) (discussing *INS v. Orlando Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam)).

## C

The BIA made the same error with respect to Flores's claim for relief under former § 212(c). According to the BIA, "[e]ven with the additional evidence of hardship to his mother and to himself which he presents, we conclude that the result in the case would not change." The BIA again abused its discretion by improperly ruling on the merits of the new § 212(c) evidence in the context of determining prejudice. Remand is therefore appropriate on this claim as well. *See*

*Maravilla Maravilla*, 381 F.3d at 858–59 (remanding where the BIA concluded that the "petitioners failed to show 'the outcome would have been different'").

D

Flores raises several additional claims of prejudice, all of which the BIA rejected. The BIA did not abuse its discretion in doing so.

First, Flores argues that he suffered prejudice as a result of his attorney's failure to tell some of his family members about the nature of his § 288(a) conviction, contending that the IJ relied on this failure "as a factor weighing against the exercise of discretion in [his] favor." The IJ, however, referenced *Flores's* failure to share the nature of his conviction with his family members, not his attorney's. And Flores's failure to disclose this information to his family members is obviously relevant to determining whether they could, as the IJ noted, "form an opinion on [Flores's] good character." The IJ's reference to Flores's omission certainly does not demonstrate a due process violation attributable to Flores's attorney. *Cf. Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (finding no due process violation where an IJ "expressed skepticism about how [a witness's] testimony could provide insight" on an applicant's credibility when the witness "did not know of [the applicant's] conviction").[4]

---

[4] Relatedly, Flores contends that the IJ violated his due process rights by engaging in "aggressive cross-examination" of his half-brother and older daughter that went "outside the scope of questions pursued by the DHS's attorney." But "the due process clause does not prevent an IJ from examining a witness," even in an "aggressive[]" and "harsh manner and

Second, Flores asserts that he suffered prejudice as a result of his prior counsel's failure to respond to the government's motion to dismiss in this court. "Prejudice is ordinarily presumed in immigration proceedings when counsel's error 'deprives the alien of the appellate proceeding entirely,'" *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (citation omitted), such as counsel's "failure to file a necessary document," *Hernandez-Mendoza v. Gonzales*, 537 F.3d 976, 979 (9th Cir. 2007) (mem.). But the only issue raised in Flores's previous petition for review was the BIA's denial of his § 212(c) application, and that petition was dismissed for lack of jurisdiction. Flores does not identify any "arguments [that] might have been successful" in responding to the government's motion to dismiss on jurisdictional grounds, which necessarily leads us to conclude that "there was no prejudice from the ineffective assistance of counsel" in this regard. *Rojas-Garcia*, 339 F.3d at 826.

Third, Flores suggests that he suffered prejudice as a result of his prior counsel's failure to recognize his eligibility for a U visa, which he contends "would have been granted." But neither the BIA nor IJs have authority over U visa petitions; that authority rests solely with United States Citizenship and Immigration Services. *See Lee v. Holder*, 599 F.3d 973, 975–76 (9th Cir. 2010) (per curiam) (citing 8 C.F.R. § 214.14(c)(1)). Flores has not articulated how the lack of a visa caused any prejudice in his immigration proceedings before the IJ or BIA.

---

tone." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003) (quoting *Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998)).

IV

We grant the petition for review with respect to Flores's claims for deferral of removal under the CAT and relief under former § 212(c), deny the petition for review with respect to all other claims, and remand for further proceedings consistent with this opinion. The parties shall bear their own costs.

**GRANTED IN PART, DENIED IN PART, AND REMANDED.**