**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO MEDINA-LAGUNA, | No. 19-72095 |
| Petitioner, | Agency No. A205-713-221 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Roberto Medina-Laguna, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. We review de novo questions of law. *Flores v. Barr*, 930 F.3d 1082,

1087 (9th Cir. 2019). We grant in part and deny in part the petition for

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review.

The BIA used an incorrect standard when it required Medina-Laguna to show prima facie eligibility for relief at the time of his proceedings, rather than the proper standard of showing plausible grounds for relief at the time of his proceedings. *See id.* at 1087 (to establish prejudice from ineffective assistance of counsel, a petitioner need not show prima facie eligibility, but only that counsel's deficient performance may have affected the outcome by showing plausible grounds for relief).

The BIA also concluded that Medina-Laguna's failure to strictly comply with the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), should not be excused. It is not clear, however, whether BIA incorrectly relied on the same prejudice determination to assess whether it was plain on the face of the record that counsels' actions were ineffective. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003) (looking at whether the relevant facts of the alleged ineffective assistance are plain on the face of the administrative record, separately from assessing prejudice from counsel's actions).

Accordingly, we remand for the BIA to re-evaluate Medina-Laguna's prejudice under the correct standard, and to clarify the basis of its determination that ineffective assistance was not plain on the face of the

2                                                                   19-72095

record.  *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) (remanding for clarification because the court will not "guess at the theory underlying" the agency's decision).

We do not address Medina-Laguna's contentions regarding due diligence, where the BIA did not rely on that ground.  *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).  Thus, the BIA's error in stating the motion was filed three, rather than two, years after his appeal was dismissed is harmless.

Medina-Laguna's contention that the BIA engaged in impermissible factfinding is not supported.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**