**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZEKUN LI,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | Nos.　19-70971<br>　　　　19-72353<br><br>Agency No. A209-785-533<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before:　CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Zekun Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT") (petition No.

19-70971) and the BIA's order denying his motion to reopen (petition No. 19-

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

72353).  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We review for abuse of discretion the denial of a motion to reopen.  *Flores v. Barr*, 930 F.3d 1082, 1087 (9th Cir. 2019).  We deny in part and dismiss in part the petition for review in No. 19-70971 and we deny the petition for review in No. 19-72353.

As to petition No. 19-70971, Li does not challenge the agency's denial of asylum and withholding of removal, including the agency's dispositive adverse credibility determination.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, we deny the petition for review as to these claims.

As to CAT, substantial evidence supports the agency's determination that, apart from his non-credible testimony, the record evidence failed to show it is more likely than not Li will be tortured by or with the consent or acquiescence of the government if returned to China.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (applicant failed to show particular threat of torture); *Shrestha v. Holder*, 590 F.3d 1034, 1049 (9th Cir. 2010) (independent of petitioner's discredited testimony, record evidence did not establish eligibility for CAT).  Li's contention that the agency failed to consider country conditions evidence is unsupported by the

record.  We lack jurisdiction to consider Li's contention that he will be tortured based on his church attendance in the United States.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

As to petition No. 19-72353, the BIA did not abuse its discretion in denying Li's motion to reopen asserting ineffective assistance of counsel, where he did not show prejudice from any ineffective assistance.  *See Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (requiring prejudice to prevail on ineffective assistance of counsel claim).  The record does not support Li's contention that the agency applied a heightened standard or otherwise erred in its analysis of his claim.

NO. 19-70971: **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

NO. 19-72353: **PETITION FOR REVIEW DENIED.**