**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TAJADDIN RAFAIL ALIYEV, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos. 07-70128 <br> 15-72338 <br> 19-72701 <br><br> Agency No. A098-516-120 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2020[**]
San Francisco, California

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Petitioner Tajaddin Aliyev seeks review of three final decisions of the Board

of Immigration Appeals ("BIA"). We uphold findings of fact unless the evidence

compels a contrary conclusion. Guo v. Sessions, 897 F.3d 1208, 1212 (9th Cir.

2018). We review for abuse of discretion the BIA's denial of a motion to reopen.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Flores v. Barr, 930 F.3d 1082, 1087 (9th Cir. 2019) (per curiam).

A.     Petition No.  07-70128

1.  Substantial evidence supports the BIA's determination that Petitioner did not suffer past persecution.  Reasonable minds could differ as to whether the threats that Petitioner received constituted persecution, so the record does not compel the conclusion that he suffered persecution.  Duran-Rodriguez v. Barr, 918 F.3d 1025, 1028–29 (9th Cir. 2019).

Substantial evidence also supports the BIA's determination that Petitioner did not have a well-founded fear of future persecution, because he failed to prove that relocation to another part of Azerbaijan "would not be possible or reasonable." Id. at 1029. Petitioner's family safely relocated, and the people who previously threatened Petitioner have not sought him or his family in their new home. Cf. Khup v. Ashcroft, 376 F.3d 898, 905 (9th Cir. 2004) (noting that the petitioner's testimony did not address "whether the military had questioned his family about his whereabouts").  Additionally, substantial evidence supports the BIA's conclusion that Petitioner failed to demonstrate the existence of a nexus between any threats or actions against him and his political opinions or claimed status as a whistleblower.  Ochave v. INS, 254 F.3d 859, 865–66 (9th Cir. 2001). Because Petitioner did not suffer past persecution or demonstrate a well-founded

fear of future persecution on account of a protected ground, his claim for asylum fails. Hanna v. Keisler, 506 F.3d 933, 939 (9th Cir. 2007).

2. Substantial evidence supports the agency's denial of CAT protection. Petitioner did not meet his burden to show that he would "more likely than not" be tortured "by or with the acquiescence of a government official or other person acting in an official capacity" if he were removed to Azerbaijan. Tamang v. Holder, 598 F.3d 1083, 1095 (9th Cir. 2010). "[G]eneralized evidence" of cruel conditions in Azerbaijani prisons does not satisfy the standard for CAT protection. Delgado-Ortiz v. Holder, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

B.      Petition No. 15-72338

1. The BIA did not abuse its discretion by denying Petitioner's first motion to reopen, which he conceded was untimely and did not qualify for any exceptions to the filing requirements. 8 C.F.R. § 1003.2(c)(2).

2. We lack jurisdiction to review the BIA's denial of Petitioner's motion to reopen sua sponte. Mejia-Hernandez v. Holder, 633 F.3d 818, 823–24 (9th Cir. 2011).

C.      Petition No. 19-72701

The BIA abused its discretion by denying Petitioner's second motion to reopen his asylum application. Petitioner established the changed country

3

conditions necessary to avoid the time and number bars that otherwise would apply to his second motion to reopen. 8 C.F.R. § 1003.2(c)(3)(ii). Although conflicts between Azerbaijan and Armenia have been ongoing since the early 1990s, the record shows that leveling false accusations of spying for Armenia against deserters or current military members, and then torturing or killing the falsely accused, is a more recent phenomenon that post-dates Petitioner's first hearing. And Petitioner now has Armenian friends and coworkers in the United States. Thus, Petitioner established "a reasonable likelihood that, if returned to [Azerbaijan], he faces at least a one-in-ten chance of persecution," Salim v. Lynch, 831 F.3d 1133, 1140 (9th Cir. 2016), because of his imputed political view of spying for and supporting Armenia, see Singh v. Holder, 764 F.3d 1153, 1159 (9th Cir. 2014) (holding that "accusations of 'acting against the government' constitute an imputed political opinion").[1]

**PETITION 07-70128 DENIED. PETITION 15-72338 DENIED IN PART AND DISMISSED IN PART. PETITION 19-72701 GRANTED AND REMANDED.**

---

[1] In a concurrently filed opinion, we address the BIA's other reason for denying Petitioner's second motion to reopen.

4