**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EZEQUIEL HERNANDEZ GOMEZ,<br><br>  Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>  Respondent. | No.    19-72268<br><br>Agency No. A098-450-313<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Ezequiel Hernandez Gomez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decisions denying his motion to terminate and

his applications for cancellation of removal, asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to terminate.  *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020).  We review factual findings for substantial evidence.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We review for abuse of discretion the denial of a continuance.  *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).  We deny in part and dismiss in part the petition for review.

There was no abuse of discretion in denying Hernandez Gomez's motion to terminate his proceedings because he was convicted of an aggravated felony, *see Flores v. Barr*, 930 F.3d 1082, 1087 (9th Cir. 2019) (holding that California Penal Code § 288(a) categorically involves "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A)), and the offense would render him ineligible for relief under asylum and cancellation of removal, *see* 8 U.S.C. § 1158(b)(2)(B)(i); *see also* 8 U.S.C. § 1229b(a)(3).  Thus, his asylum and cancellation of removal claims fail.

We do not address Hernandez Gomez's contentions regarding membership in particular social groups, where the BIA did not rely on that ground to deny asylum and withholding of removal.  *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (court's review is limited to the actual ground relied upon by the BIA).

We lack jurisdiction to consider Hernandez Gomez's contentions regarding the merits of the IJ's particularly serious crime determination, where the BIA

19-72268

found he waived the dispositive issue on appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below). Thus, we deny the petition for review as to Hernandez Gomez's withholding of removal claim.

Substantial evidence supports the BIA's denial of CAT relief because Hernandez Gomez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture). To the extent Hernandez Gomez contends that the IJ erred in concluding CAT relief precluded based on his particularly serious crime determination, the BIA did not rely on that ground. *See Singh v. Holder,* 591 F.3d 1190, 1199 (9th Cir. 2010) (any error by the IJ was rendered harmless by the BIA's de novo review of the issue).

There was no abuse of discretion in denying Hernandez Gomez's request for a continuance because he failed to request one. *See* 8 C.F.R. § 1003.29.

On June 25, 2020, the court granted a stay of removal. The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

19-72268