

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL VALVERDE-MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72058 <br><br> Agency No. A099-630-178 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Petitioner Miguel Valverde-Martinez petitions for review of the denial of his

motion to reconsider the denial of his motion to reopen and reinstate his appeal

before the Board of Immigration Appeals. The immigration judge originally

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denied Valverde-Martinez's request for withholding of removal and Convention Against Torture (CAT) protection on a number of grounds, including (1) failure to establish membership in a particular social group that either was legally cognizable or bore a nexus to any harm that he suffered or fears, (2) failure to esablish that the government of Mexico was or would be unable or unwilling to control his alleged persecutors, (3) failure to establish past harm rising to the level of persecution, and (4) the reasonableness of expecting him to relocate within Mexico to avoid the harm that he fears.

Valverde-Martinez filed a notice of appeal from that decision but failed to file a brief with the Board of Immigration Appeals. The Board summarily dismissed the appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A) (allowing for summary dismissal if a party fails to specify the reasons for the appeal). Valverde-Martinez then filed a motion to reopen his appeal based on ineffective assistance of counsel. The Board denied that motion to reopen because it failed to show that Valverde-Martinez had a plausible ground for withholding of removal or CAT protection. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). Valverde-Martinez then filed a motion to reconsider the Board's denial of his motion to reopen, but the Board denied reconsideration because the motion largely repeated the claims made in the motion to reopen and failed to identify any alleged

legal or factual errors, a change in law, or an aspect of the case that was overlooked in the motion to reopen or in the underlying decision of the immigration judge.

We review for an abuse of discretion and affirm. *See Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007). The Board acted within its discretion in denying Valverde-Martinez's motion to reconsider its prior decision denying his motion to reopen. Valverde-Martinez failed to identify any "errors of law or fact in" the Board's denial of his motion to reopen. 8 U.S.C. § 1229a(c)(6)(C). To establish ineffective assistance of counsel, Valverde-Martinez was required to show not only that his counsel's performance in failing to file an appellate brief was deficient, but that the failure may have affected the outcome. *See Martinez-Hernandez*, 778 F.3d at 1088; *Flores v. Barr*, 930 F.3d 1082, 1087 (9th Cir. 2019). Valverde-Martinez never explained how an appeal could have produced a different result.

The petition for review is **DENIED**.