**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAXIMO DE LEON-AJUCUM, | No. 20-70433 |
| Petitioner, | Agency No. A205-023-748 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2021
San Francisco, California

Before: PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Maximo De Leon Ajucum ("De Leon"), a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals ("BIA") order denying his

motion to reopen to pursue relief under the Convention Against Torture ("CAT").

We grant the petition and remand with instructions to grant the motion to reopen.

**1.** The BIA abused its discretion in denying De Leon's motion to reopen,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

which included sworn declarations by De Leon and his sister providing evidence that he had received ineffective assistance of counsel in his removal proceedings. According to De Leon's declaration, his former counsel never spoke with him as she prepared his I-589 form and accompanying declaration. She did not review the application with him, translate it, or read it to him in Spanish before filing it. The first time De Leon saw or spoke with his former counsel was at his September 23, 2013 hearing in immigration court, and she did not meet with him to discuss or prepare for the next hearing on October 17, 2013. De Leon's first prolonged conversation with her was on direct examination at the October hearing, at the end of which the immigration judge denied his applications for relief. Former counsel also failed to present easily obtainable country conditions evidence that would have supported De Leon's claim that he would face torture if returned to Guatemala. Indeed, the only country conditions evidence for Guatemala consisted of a two-page excerpt from the 2011 State Department Human Rights Report that did not discuss gang violence or the forced recruitment of young men. De Leon's sister stated in her declaration that former counsel asked her to write a letter of support to the court, as well as to get letters from their mother and from several people in Guatemala who had witnessed De Leon's mistreatment, but that counsel only ever submitted the letters from De Leon's sister and mother.

Former counsel sent a signed, unsworn letter in response to De Leon's

complaint disagreeing with these accusations. She contended that she had "prepared the I-589 and the declaration with Mr. De Leon with the facts that he provided" to her and had "read both back to him in Spanish, and . . . read everything to him one more time just before the hearing." She further stated that the only corroborating letters she had received were the letters from De Leon's sister and mother. Finally, former counsel explained that she did not submit further country conditions evidence because she found the excerpted country conditions report "sufficient given the facts in the case," and that any additional materials "would have stated the same."

After reviewing De Leon's declaration and former counsel's response, the BIA concluded that counsel's performance constituted a "reasonable professional assessment of the applicant's case." In so concluding, the BIA appears to have credited former counsel's unsworn letter over De Leon's sworn declaration. This was an abuse of discretion. In assessing a motion to reopen, the BIA "must accept as true the facts stated in . . . affidavits [and declarations] unless they are inherently unbelievable." *Kaur v. Garland*, 2 F.4th 823, 833 (9th Cir. 2021) (alterations in original) (quoting *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991)). De Leon's account is not inherently unbelievable simply because it was contradicted by his former counsel.

Accepting as true the facts stated in De Leon's declaration, it is not a

3

"reasonable professional assessment of the applicant's case" to fail to prepare an application with a client, to fail to translate that application and the accompanying declaration into a language the client understands, to fail to prepare a client for his hearing, and to lose or otherwise fail to submit corroborating evidence. *See Lin v. Ashcroft*, 377 F.3d 1014, 1024-25 (9th Cir. 2004). It is also unreasonable to fail to present readily obtainable country conditions evidence that is often critical to showing a likelihood of future torture. *See Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001) (recognizing that "country conditions alone can play a decisive role in granting relief under [CAT]"). We therefore conclude that former counsel's performance was deficient.

**2.** The BIA further abused its discretion by applying the ultimate merits standard when evaluating whether De Leon was prejudiced by any deficiency in counsel's performance. The BIA held that De Leon suffered no prejudice because "he ha[d] still not shown a clear probability that he [was] personally at risk of torture in Guatemala." This is the wrong standard. On a motion to reopen for ineffective assistance of counsel, De Leon was required to show only that counsel's ineffectiveness "*may* have affected the outcome of the proceedings, which means that [he] need only show *plausible* grounds for relief." *Flores v.*

4

*Barr*, 930 F.3d 1082, 1088-89 (9th Cir. 2019) (emphases in original) (cleaned up).[1]

Applying the correct standard, we conclude that De Leon has shown plausible grounds for CAT relief and that his former counsel's deficient performance may have affected the outcome of the proceedings. Represented by new counsel, De Leon presented several pieces of evidence that were absent from the prior CAT claim. First, De Leon's new declaration described attacks by gangs in Guatemala that were omitted from his prior declaration. Second, his new counsel submitted country conditions evidence supporting De Leon's particularized risk of torture in Guatemala and the government's likely acquiescence or complicity. Third, De Leon explained that there was no possibility of internal relocation because the gangs were present throughout the country, a fact that his country conditions evidence corroborated. Fourth, De Leon explained that after he had left Guatemala, gang members asked his father about his whereabouts. Based on the evidence in De Leon's motion to reopen, he has met his burden to show that prior counsel's deficient performance *may* have affected the outcome of the proceedings.

Because De Leon has shown both deficient performance and prejudice, "he should be given an opportunity to prove his claims, this time with the assistance of

---

[1] The BIA recited the correct standard at other points in its decision, but we are not persuaded that it applied this standard throughout.

5

competent counsel." *Id.* at 1089; *see also Mohammed v. Gonzales*, 400 F.3d 785, 802-03 (9th Cir. 2005) (granting petition for review, and remanding with instructions to grant the motion to reopen, where petitioner established both deficient performance and prejudice).

Accordingly, we GRANT De Leon's petition and REMAND to the BIA with instructions to grant the motion to reopen.