NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL MARTINEZ RUIZ, AKA Oscar Rodriguez Ruiz, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-72876 <br><br> Agency No. A206-412-229 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Petitioner Gabriel Martinez Ruiz petitions for review of the Board of

Immigration Appeals' (BIA) decision upholding the immigration judge's (IJ)

decision denying his application for cancellation of removal and rejecting his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ineffective assistance of counsel claim.[1] We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition in part and deny in part.

**1.** ***Cancellation of Removal.*** The IJ denied Martinez Ruiz's cancellation of removal application as a matter of discretion, and Martinez Ruiz did not challenge this determination to the BIA (or to us), depriving us of jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011). Moreover, we lack "jurisdiction to review discretionary decisions concerning cancellation of removal unless the petition raises a cognizable legal or constitutional question." *Safaryan v. Barr*, 975 F.3d 976, 989 (9th Cir. 2020) (cleaned up); *see* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003) (holding that we lack jurisdiction to review the BIA's exceptional and extremely unusual hardship determination). Martinez Ruiz did not raise any cognizable questions. Thus, we dismiss his challenge to the denial of cancellation of removal for lack of jurisdiction.

**2.** ***Ineffective Assistance of Counsel.*** A noncitizen making an ineffective assistance of counsel claim must substantially comply with the procedural requirements outlined in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See*

---

[1]Martinez Ruiz waived any argument as to the BIA's denial of his asylum, withholding of removal, and Convention Against Torture protection claims and its rejection of his due process claim by failing to "specifically and distinctly argue[] and raise[]" these issues in his opening brief. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1070 (9th Cir. 2005) (quotation marks and citation omitted).

*Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013). Martinez Ruiz does not dispute that he failed to comply with the *Lozada* requirements. Moreover, even if he had complied, Martinez Ruiz cannot make the requisite showing that counsel's deficient performance prejudiced him. *Flores v. Barr*, 930 F.3d 1082, 1087 (9th Cir. 2019); *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002). Thus, we deny his petition as to this issue.

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**