**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE MAURICIO HENRIQUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-310

Agency No. A094-167-555

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2024
Pasadena, California

Before: TALLMAN, IKUTA, and OWENS, Circuit Judges.

Jose Mauricio Henriquez, a native and citizen of El Salvador, petitions for

review of an order of the Board of Immigration Appeals (BIA) dismissing his

appeal of a final order of removal issued by an Immigration Judge (IJ). Under the

circumstances of this case, we review "the reasons explicitly identified by the BIA,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Guo v. Sessions*, 897 F.3d 1208, 1214 n.4 (9th Cir. 2018) (citation omitted). We dismiss in part and deny in part the petition.

Henriquez's conviction for violating section 288(a) of the California Penal Code, an aggravated felony, triggers the alien criminal bar. *See* 8 U.S.C. § 1252(a)(2)(C); *Flores v. Barr*, 930 F.3d 1082, 1087–88 (9th Cir. 2019) (per curiam). We therefore lack jurisdiction to review Henriquez's factual challenges to the agency's denial of his application for a waiver of inadmissibility, including whether the IJ improperly inferred that Henriquez minimized his culpability. *See* § 1252(a)(2)(C); *Nasrallah v. Barr*, 140 S. Ct. 1683, 1687–88 (2020). To the extent Henriquez raises a legal issue by challenging the BIA's application of its own precedent, we have jurisdiction over his claim. *See* § 1252(a)(2)(D); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009). The BIA, however, did not misapply its own precedent. The BIA considered Henriquez's rehabilitation from alcohol abuse, *see In re Mendez-Moralez*, 21 I. & N. Dec. 296, 305 (BIA 1996), and it permissibly considered evidence of criminal conduct that did not result in a final conviction, *see Matter of Thomas*, 21 I. & N. Dec. 20, 23 (BIA 1995).

As to Henriquez's request for deferral of removal under the Convention Against Torture, substantial evidence supports the BIA's determination that Henriquez failed to establish that it is more likely than not he will be tortured if removed to El Salvador. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The record evidence, as the BIA determined, largely concerned the risk of torture to gang members and deportees with tattoos, as opposed to criminal deportees like Henriquez, with no gang affiliation or tattoos. Moreover, the BIA considered all the record evidence, properly explained why the expert witness testimony was insufficient to establish the requisite probability of torture, and did not apply the wrong definition of torture.

The agency also considered Henriquez's risk of torture in the aggregate. The IJ stated that "all evidence relevant to the possibility of future torture should be considered," discussed Henriquez's different theories of torture separately, and "considered the totality of the evidence," before determining that "[b]ased on the totality of the record, [Henriquez] has not established it is more likely than not he will be tortured in El Salvador." For its part, the BIA stated that "[t]he record in the aggregate does not establish that it is more likely than not that the respondent would be tortured upon his return to El Salvador." In addition, there was no error under *Velasquez-Samayoa v. Garland*, 49 F.4th 1149 (9th Cir. 2022). Although

3

the IJ cited *Matter of J-F-F-*, 23 I. & N. Dec. 912 (A.G. 2006), neither the IJ nor the BIA described Henriquez's alternative theories of torture as a single "claimed chain of events that would lead to his torture." *Velasquez-Samayoa*, 49 F.4th at 1155; *see also Hernandez v. Garland*, 52 F.4th 757, 773 (9th Cir. 2022). The agency therefore "said enough to convince us that it did, in fact, find that there is less than a 50% chance that [Henriquez] will be tortured by all potential sources of torture . . . in the aggregate." *Iraheta-Martinez v. Garland*, 12 F.4th 942, 960 (9th Cir. 2021); *see also Benedicto v. Garland*, 12 F.4th 1049, 1065 (9th Cir. 2021).

As to his remand motion, Henriquez forfeited the argument that the BIA applied the wrong legal standard in determining that his new evidence failed to establish prima facie eligibility for relief by failing to raise this argument in his opening brief. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020). In any event, any error was harmless, as Henriquez's new evidence either had the same defects as the evidence considered at his merits hearing or, as the BIA determined, was "not strong enough to possibly change the outcome of [Henriquez's] case." *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) ("We apply traditional administrative law principles in reviewing immigration agency decisions." (internal quotation marks and citation omitted)).

Henriquez's due process claim also falls short because he did not demonstrate substantial prejudice from the IJ's failure to consider new evidence filed after his merits hearing. *Hussain v. Rosen*, 985 F.3d 634, 645 (9th Cir. 2021). The evidence with a May 19, 2022, stamp was cumulative of his other evidence, and the evidence received by the IJ on May 23, 2022, was untimely.

**PETITION DISMISSED IN PART AND DENIED IN PART.**[1]

---

[1] We deny Henriquez's motion to stay his removal, Dkt. 3, and supplemental motion to stay his removal, Dkt. 13, as moot.