NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIANO PEREZ JACOME, | No. 20-73213 |
| Petitioner, | Agency No. A206-149-257 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025**
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Mariano Perez Jacome ("Perez Jacome"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying in part and granting in part his timely motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen for abuse of discretion. *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004). We deny the petition.

Perez Jacome contends that his prior counsel's failure to adequately investigate and present evidence to support the hardship requirement for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D) constituted ineffective assistance of counsel. The BIA denied Perez Jacome's motion to reopen because he failed to demonstrate that he suffered prejudice from counsel's deficient performance. In challenging the BIA's denial of his motion, Perez Jacome additionally argues that the BIA applied an incorrect legal standard in its prejudice determination.

We first reject Perez Jacome's contention that the BIA applied an incorrect legal standard in its prejudice analysis. The BIA cites to *Gomez-Velazco v. Sessions*, which explains the nature of the inquiry: prejudice "mean[s] the violation potentially affected the outcome of the immigration proceeding. That rule rests on the view that the results of a proceeding should not be overturned if the outcome would have been the same even without the violation." 879 F.3d 989, 993 (9th Cir. 2018) (internal citation omitted). The BIA applied the correct legal standard. *See Flores v. Barr*, 930 F.3d 1082, 1087 (9th Cir. 2019) ("To establish a showing of prejudice in the context of a motion to reopen . . . . the petitioner need only demonstrate that counsel's deficient performance 'may have affected the outcome of the proceedings' by showing 'plausible' grounds for relief.") (quoting *Maravilla*

*Maravilla*, 381 F.3d at 858). Contrary to Perez Jacome's argument, the BIA did not otherwise require him to identify all "the evidence he would have presented to the Immigration Judge ("IJ") in support of his cancellation of removal application." Instead, the BIA observed that, given the IJ's comprehensive consideration of Perez Jacome's hardship, and absent the identification of "*any* information that was not previously presented or considered by the [IJ]," Perez Jacome was unable to show prejudice, i.e., that his prior counsel's deficient performance "potentially affected the outcome of the immigration proceeding." *Gomez-Velazco*, 879 F.3d at 993. Thus, the BIA applied the correct legal standard in its prejudice analysis.

In applying this standard, the BIA did not err in concluding that Perez Jacome failed to demonstrate that his prior counsel's representation was prejudicial to his claim for cancellation of removal. In both the motion to reopen before the BIA and his briefing before us, Perez Jacome argues that his prior counsel "failed to ascertain and develop all the facts in support for his cancellation of removal application," and in particular that she "did not illicit any testimony or provid[e] any documentation to address the impact of the financial hardship on his wife and three children." Perez Jacome further argues that his motion to reopen "addressed these evidentiary gaps in the record and explained why his wife, elder children, and siblings could [not] support his U.S.-born children." Perez Jacome attempted to

3                                                      24-4220

"address[] these evidentiary gaps" in his motion to reopen, however, by relying on virtually the same facts from the initial merits hearing. These included his wife's inability to work because she cares for their three young children as well as the inability of his adult children to support his wife and younger children financially due to their own familial obligations. Perez Jacome does not show how those facts would establish "exceptional and extremely unusual hardship" to his wife and children given that the agency previously concluded that the same evidence did not meet that demanding standard. Perez Jacome thus fails to demonstrate that his counsel's performance "may have affected the outcome of the proceedings" or otherwise show a plausible claim for cancellation of removal. *Maravilla Maravilla*, 381 F.3d at 858.

Because Perez Jacome fails to allege a plausible claim for cancellation of removal, he also fails to demonstrate the prejudice necessary to establish ineffective assistance of his former counsel. *Maravilla Maravilla*, 381 F.3d at 858. Therefore, the BIA did not abuse its discretion in denying Perez Jacome's motion to reopen.

**PETITION DENIED.**