

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUVENAL LEON-MONDRAGON, | No. 19-71774 |
| Petitioner, | Agency No. A075-093-666 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit Judges.

Juvenal Leon-Mondragon appeals from the denial of his motion to reopen removal proceedings that resulted in a grant of voluntary departure in 2003. We have jurisdiction to review denials of motions to reopen under 8 U.S.C. § 1252.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*See Flores v. Barr*, 930 F.3d 1082, 1086 (9th Cir. 2019) (per curiam).  But we may consider a petition for review challenging such a denial only if the petitioner has "exhausted all administrative remedies available to [him] as of right."  8 U.S.C. § 1252(d)(1).  "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below" and "to have been sufficient to put the BIA on notice of what was being challenged."  *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (internal citations omitted).  We review the denial of reopening for an abuse of discretion, which occurs when the denial is "arbitrary, irrational, or contrary to law."  *Flores*, 930 F.3d at 1087.  We "review purely legal questions de novo."  *Id.*  We dismiss in part and deny in part the petition for review.

I

We lack jurisdiction to review Leon-Mondragon's argument, raised for the first time in his petition for review, that the Immigration Judge ("IJ") lacked jurisdiction over his removal proceedings because the Notice to Appear ("NTA") that initiated those proceedings did not identify the "address of the Immigration Court" where the NTA was filed, as 8 C.F.R. § 1003.15(b) requires.  *See Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam) (explaining that a petitioner's failure to present a claim to the BIA "generally bars

2

us, for lack of subject-matter jurisdiction, from reaching the merits" of that claim).

Accordingly, we dismiss the petition insofar as it presents an unexhausted

argument in challenging the agency's jurisdiction.

## II

The Board of Immigration Appeals ("BIA") did not err in declining to

terminate Leon-Mondragon's removal proceedings, where the NTA that initiated

those proceedings omitted the time, date, and place of the initial removal hearing,

but Leon-Mondragon subsequently received a notice of hearing containing that

information and "attended all removal hearings thereafter." *See Aguilar Fermin v.

Barr*, 958 F.3d 887, 889 (9th Cir. 2020) ("[A]n initial NTA need not contain time,

date, and place information to vest an immigration court with jurisdiction if such

information is provided before the hearing."); *see also Karingithi v. Whitaker*, 913

F.3d 1158, 1160 (9th Cir. 2019); 8 C.F.R. § 1003.18(b) (requiring the NTA to

include time, date, and place information only "where practicable").

## III

The BIA did not abuse its discretion in denying Leon-Mondragon's motion

to reopen for the purpose of seeking cancellation of removal. Leon-Mondragon

did not file an application for cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(1)

("A motion to reopen proceedings for the purpose of submitting an application for

relief must be accompanied by the appropriate application for relief and all supporting documentation."). Nor did he otherwise seek to demonstrate his prima facie eligibility for that relief. He offered no evidence to establish his good moral character, that he has not been convicted of a disqualifying offense, or that his removal would cause one of his qualifying relatives "exceptional and extremely unusual hardship." *Lanuza v. Love*, 899 F.3d 1019, 1021–22 (9th Cir. 2018) (citing 8 U.S.C. § 1229b(b)(1)). Thus, the agency properly declined to reopen proceedings to permit Leon-Mondragon to pursue cancellation of removal. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) ("The motion [to reopen] will not be granted unless it establishes a prima facie case for relief"—"established when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." (citations and quotation marks omitted)).

IV

Leon-Mondragon has waived review of the agency's denial of his motion to reopen based on ineffective assistance of counsel ("IAC"). It is undisputed that Leon-Mondragon filed his motion well after the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). That deadline is subject to equitable tolling if the movant shows, among other things, that "he demonstrated due diligence in discovering" the IAC that prevented timely filing. *Flores*, 930 F.3d at 1085. Here, the BIA

4

affirmed the denial of equitable tolling on the ground that Leon-Mondragon failed to demonstrate such diligence in the nearly 13 years between the removal order and his motion to reopen based on IAC. By failing to challenge this dispositive determination, Leon-Mondragon has waived review of it. *See Nguyen v. Barr*, 983 F.3d 1099, 1101–02 (9th Cir. 2020); *see also Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016) ("enforc[ing] the denial" of an untimely motion to reopen for adjustment of status where there was an unexplained "six year gap . . . in [the petitioner's] pursuit of legal advice" and, thus, declining to "reach the Board's other bases for denying the motion").

V

The BIA did not abuse its discretion in declining to reopen to permit Leon-Mondragon to pursue a claim under the Convention Against Torture ("CAT") on the basis of changed country conditions. It was neither arbitrary nor irrational for the BIA to conclude that, even if extortion, kidnapping, and violent crime have increased in Mexico since 2003, Leon-Mondragon has not established prima facie eligibility for CAT relief because his evidence does not demonstrate that he faces a *particularized* threat of torture in Mexico. *See Flores-Vega v. Barr*, 932 F.3d 878, 881–82, 887 (9th Cir. 2019) (affirming the denial of CAT relief despite testimony "that all of Mexico was unsafe due to crime and that [the petitioner] was afraid he

would be kidnapped because people in Mexico would assume his family in the United States had money for a ransom"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (affirming the denial of a motion to reopen to apply for CAT relief where the petitioners feared torture as "returning Mexicans from the United States" based on anecdotal evidence that one of their relatives and other "people who ha[d] gone to Mexico on vacation" had been robbed and assaulted during such visits).

**PETITION DISMISSED IN PART; DENIED IN PART.**