**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICHOLAS VARGAS ROCHA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   18-72469

Agency No. A200-248-267

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BENNETT,***
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Petitioner Nicholas Vargas Rocha (Rocha), a native and citizen of Mexico, petitions for review of a decision from the Board of Immigration Appeals (BIA) denying Rocha's motion to reopen to pursue adjustment of status and asylum. Rocha concedes that his motion to reopen is untimely, but contends that equitable tolling applies to excuse the untimeliness due to the ineffective assistance of his former counsel. Rocha also maintains that the BIA erred when it determined that Rocha's case was not sufficiently exceptional to warrant sua sponte reopening. Finally, Rocha argues that he was denied due process when the Immigration Judge (IJ) failed to continue his case to allow Rocha to apply for adjustment of status. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We **DENY** in part and **DISMISS** in part the petition for review.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021). We must uphold the agency determination unless the BIA's decision is "arbitrary, irrational, or contrary to law." *Singh v. I.N.S.*, 295 F.3d 1037, 1039 (9th Cir. 2002) (citation omitted). We lack jurisdiction to consider procedural constitutional arguments that are not exhausted before the BIA if "an administrative tribunal could remedy" the alleged procedural error. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (citations omitted); *see also Plancarte Sauceda v. Garland*, 23 F.4th 824, 835 (9th

Cir. 2022), *as amended*. We retain jurisdiction to review the BIA's denial of a motion to reopen sua sponte only for the limited purpose of identifying legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 581-82 (9th Cir. 2016), *as amended*.

**1.** A motion to reopen generally must be filed within 90 days of a final removal order, but may be "subject to equitable tolling due to ineffective assistance of counsel." *Flores v. Barr*, 930 F.3d 1082, 1085 (9th Cir. 2019) (citation and internal quotation marks omitted). Rocha concedes that he has not complied with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the record does not reflect "a clear and obvious case of ineffective assistance" of counsel. *Puga v. Chertoff*, 488 F.3d 812, 816 (9th Cir. 2007) (citations omitted). Consequently, the BIA did not abuse its discretion in rejecting Rocha's equitable tolling argument. *See Reyes v. Ashcroft*, 358 F.3d 592, 598-99 (9th Cir. 2004), *as amended* (denying a petition for review when the petitioner failed to satisfy the *Lozada* requirements).

In any event, the BIA determined that Rocha did not meet the prima facie requirement for adjustment of status because his Form I-130 had not been approved, rendering his eligibility for relief speculative, and counsel for Rocha conceded that there was a criminal conviction that rendered him statutorily

3

ineligible for adjustment of status. *See Agyeman v. I.N.S.*, 296 F.3d 871, 879 n.2 (9th Cir. 2002) ("The *approved* I–130 provides prima facie evidence that the alien is eligible for adjustment as an immediate relative of a United States citizen. . . .") (citation omitted) (emphasis added). Nor did Rocha produce evidence of a likelihood of persecution directed toward him individually. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (determining that Americanized Mexicans and "imputed wealthy Americans" are not cognizable particular social groups); *see also Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) (holding that general fear of societal unrest and violence does not rise to the level of persecution).

**2.** Rocha failed to raise a legal or constitutional challenge to the BIA's denial of sua sponte reopening. Instead, he argues in a conclusory manner that his case merits a finding of exceptional circumstances warranting sua sponte reopening. But, we do not have jurisdiction to consider whether the BIA properly found that no exceptional circumstances exist, and dismiss the petition as to this issue. *See Bonilla*, 840 F.3d at 581-82.

**3.** Rocha did not exhaust his due process argument before the BIA, depriving us of jurisdiction to resolve it. *See Barron*, 358 F.3d at 678. We dismiss the petition as to this issue. *See id.*

4

**4.** To the extent Rocha attempted to raise claims for withholding of removal and relief under the Convention against Torture by referencing them in his statement of the issues, by failing to argue those claims in the body of his opening brief, he waived them. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION DENIED in part and DISMISSED in part.**