NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ULISES TADEO-VASQUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   18-73448

Agency No. A095-771-831

MEMORANDUM*

---

ULISES TADEO-VASQUEZ, AKA Adrian
Rodriguez, AKA Ulises Vasquez, AKA
Ulises Tadeo Vasquez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-71600

Agency No. A095-771-831

On Petition for Review of an Order of the
Board of Immigration Appeals

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 15, 2023[]
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,[***] District Judge.

Ulises Tadeo-Vasquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motions to reopen. We have jurisdiction under 8 U.S.C. § 1252. We generally review the denial of a motion to reopen for abuse of discretion, *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022), although we review the BIA's denial of a motion to reopen sua sponte only for "legal or constitutional error," *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We deny the petitions for review.

The BIA did not abuse its discretion in denying the first motion to reopen because Tadeo-Vasquez was ineligible to adjust his status even if his stepdaughter's I-130 petition was approved. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (the BIA may deny a motion to reopen if "the petitioner failed to establish a prima facie case for the relief sought"). As the BIA recognized, Tadeo-Vasquez cannot demonstrate eligibility for adjustment of status because he was not inspected and admitted or paroled into the United States. *See*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

*Matter of Hashmi*, 24 I. & N. Dec. 785, 789 (B.I.A. 2009) (stating that "[o]nce the I-130 is approved and an immigrant visa is immediately available," the respondent must "establish eligibility for adjustment of status" and "demonstrate that he has been inspected and admitted or paroled into the United States"); *see also* 8 U.S.C. § 1255(a).

Similarly, the BIA did not abuse its discretion in rejecting Tadeo-Vasquez's argument that reopening was warranted "so that he may continue to pursue his application for a U non-immigration visa." The BIA correctly concluded that the United States Citizenship and Immigration Services (USCIS) has jurisdiction over U-visa petitions and that Tadeo-Vasquez was free to pursue this form of relief with USCIS notwithstanding his removal order. *See Zamorano v. Garland*, 2 F.4th 1213, 1227 (9th Cir. 2021) ("Neither the BIA nor IJs have authority over U visa petitions; that authority rests solely with United States Citizenship and Immigration Services." (quoting *Flores v. Barr*, 930 F.3d 1082, 1090 (9th Cir. 2019) (per curiam))); *Gomez-Velazco v. Sessions*, 879 F.3d 989, 995 (9th Cir. 2018) ("[I]ssuance of a removal order does not preclude an individual from obtaining a U-visa."); 8 C.F.R. § 214.14(c)(1)(ii).

Finally, the BIA did not err in denying the motion to reopen sua sponte because Tadeo-Vasquez "failed to establish a prima facie case for the relief sought." *Tzompantzi-Salazar*, 32 F.4th at 703. Tadeo-Vasquez did not present any

3

evidence or argument to the BIA suggesting that his "removal would result in exceptional and extremely unusual hardship" to a qualifying relative, a prerequisite for cancellation of removal.[1] 8 U.S.C. § 1229b(b)(1)(D); *see also Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per curiam) (concluding that the BIA did not abuse its discretion in denying petitioner's motion for remand "on the ground that he failed to establish prima facie eligibility for cancellation of removal" when he "did not tender any evidence showing 'exceptional and extremely unusual hardship'").[2]

---

[1] In both decisions, the BIA, citing *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (B.I.A. 1992), concluded that Tadeo-Vasquez had not met his "heavy burden" of showing that the "new evidence offered would likely change the result in the case." Although we have since clarified that this was not the correct legal standard, *see Fonseca-Fonseca v. Garland*, No. 20-71977, 2023 WL 5025268, at *2, *6 (9th Cir. Aug. 8, 2023), any error was harmless. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (we apply "traditional administrative law principles" in reviewing BIA decisions, including the harmless error rule (quotation omitted)). Tadeo-Vasquez was ineligible to adjust his status under 8 U.S.C. § 1255(a) and forfeited any argument to the contrary, *see Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022); the BIA lacked jurisdiction over his U-visa petition; and his brief to the BIA did not even mention the hardship requirement, *cf. Fonseca-Fonseca*, 2023 WL 5025268, at *3 (petitioner not only asserted that he could satisfy the continuous physical presence requirement after *Pereira v. Sessions*, but "further contended that he could meet the other cancellation requirements, including demonstrating exceptional and extremely unusual hardship to his U.S.-citizen children"). Had the BIA applied the "reasonable likelihood" standard, *id.* at *6, its findings on these points would not change. Therefore, *Fonseca-Fonseca* does not alter our analysis.

[2] Tadeo-Vasquez's corrected motions to stay appellate proceedings, dkt. 63 (Case No. 18-73448), dkt. 48 (Case No. 20-71600), are denied as untimely. His initial motions, dkt. 62 (Case No. 18-73448), dkt. 47 (Case No. 20-71600), are denied as moot.

**PETITIONS DENIED.**