**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS MARTIN BEDOYA-COLLAZOS; EMILY JANETH VIVIANA HUAYTAN-SANJINES; M.N. B.-H.; M.A. B.-H., | No. 25-1081 |
| Petitioners, | Agency Nos. A246-275-352 A246-275-353 A246-275-355 A246-275-354 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 30, 2026**
San Francisco, California

Before: SCHROEDER, FRIEDLAND, and COLLINS, Circuit Judges.

Petitioners Luis Martin Bedoya-Collazos, his wife, and his two minor

children, all citizens of Peru, petition for review of a decision of the Board of

Immigration Appeals ("BIA") denying their motion to reopen their removal

proceedings, in which Bedoya-Collazos had filed an unsuccessful application for

asylum, withholding of removal, and protection under the Convention Against

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. See FED. R. APP. P. 34(a)(2)(C).

Torture.[1]  We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252.  Reviewing the BIA's ruling on a motion to reopen for abuse of discretion, *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004), and an alien's claim of ineffective assistance of counsel de novo, *see Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005), we deny the petition.

"The BIA may deny a motion to reopen" if, *inter alia*, "the motion is deficient for a preliminary procedural reason, such as untimeliness or a failure to attach new evidence." *Lemus-Escobar v. Bondi*, 158 F.4th 944, 962 (9th Cir. 2025).  Here, the BIA properly concluded that Petitioners' motion to reopen was untimely.  Subject to statutory exceptions not applicable here, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." *See* 8 U.S.C. § 1229a(c)(7)(C)(i).  The BIA dismissed Petitioners' appeal, thereby upholding their removal orders and the denial of relief, on August 7, 2024, and that meant that any motion to reopen was due on November 5, 2024.  However, Petitioners did not file their motion until December 5, 2024.

Nonetheless, as the BIA recognized, the 90-day deadline may be equitably tolled "when some extraordinary circumstance stood in the petitioner's way and

---

[1] Bedoya-Collazos's wife and children did not file separate applications for relief, but were listed as riders only for purposes of his asylum application. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Convention Against Torture "may not be derivative").

prevented timely filing, and he acted with due diligence in pursuing his rights."
*Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (simplified).
"Ineffective assistance of counsel can be one such extraordinary circumstance warranting equitable tolling." *Id*. (simplified). "To demonstrate ineffective assistance of counsel" for purposes of such equitable tolling, a petitioner must show, *inter alia*, "substantial prejudice, meaning that counsel's performance was so inadequate that the outcome of the proceeding may have been affected by the alleged violation." *Id*. (simplified). Here, the BIA assumed without deciding that prior counsel was ineffective in allegedly failing to complete Petitioners' notice of appeal to the BIA with the "requisite competence and diligence," and that this deficiency led to the summary dismissal of their appeal for failure to "meaningfully apprise the Board of the specific reasons underlying the challenge to the Immigration Judge's decision." But the BIA held that Petitioners failed to establish prejudice, because their motion to reopen did not "proffer any substantive arguments that would be developed in an appellate brief challenging the underlying decision denying their claims for relief and protection from removal."

We have held that, to show prejudice in the context of an untimely motion to reopen that seeks equitable tolling based on ineffective assistance, a petitioner "need only show *plausible* grounds for relief." *Flores v. Barr*, 930 F.3d 1082, 1088–89 (9th Cir. 2019) (simplified), *abrogated on other grounds as stated in*

3

*Coria v. Garland*, 114 F.4th 994 (9th Cir. 2024). Thus, while the petitioner need not "make out a prima facie case of eligibility for the ultimate relief sought," the petitioner must "demonstrate[], at a minimum, that the asserted ground for relief is at least plausible." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). As the BIA correctly noted, Petitioners' motion to reopen wholly failed to identify *any* plausible substantive grounds for relief. Instead, Petitioners' motion rested solely on the argument that they had demonstrated the requisite prejudice simply by assertedly showing a "plausible[] likelihood" that, but for counsel's deficient performance, their "BIA appeal would still be pending today." By failing even to articulate any arguments as to why they had a "plausible" underlying claim for relief in the appeal sought to be reopened, Petitioners failed to carry their "minimum" burden to establish prejudice. *See id*.; *see also Mohammed*, 400 F.3d at 794 (holding that the requisite showing that the petitioner "has *plausible* grounds for relief" requires an evaluation of "the underlying merits of the case" (citation omitted)).

In their opening brief in this court, Petitioners purport to identify plausible substantive grounds for relief, but these contentions were not raised in their motion to reopen before the BIA and are therefore unexhausted. Although the exhaustion rule is not jurisdictional, it is mandatory and must be applied where, as here, the Government properly invokes it. *See Santos-Zacaria v. Garland*, 598 U.S. 411,

4

416, 422–23 (2023).

**PETITION DENIED.**[2]

---

[2] Bedoya-Collazos's motion for a stay of removal (Dkt. No. 2) is denied.